Argued June 29, affirmed September 6, rehearing denied October 18, 1927.

## CHARLES E. RICKERT v. STATE INDUSTRIAL ACCIDENT COMMISSION.

(259 Pac. 205.)

Master and Servant — Injury to Longshoreman While Working on Vessel in Navigable Waters of the United States, Engaged in Intrastate and Interstate Commerce, Held Compensable (Workmen's Compensation Act; Const. U. S., Art. I, § 8. cl. 3, Art. III, § 2; Judiciary Act Cong. [28 U. S. C. A., § 371]).

Longshoreman accidentally injured while engaged in employment on a vessel lying on the navigable waters of the United States, engaged in intrastate and interstate commerce, and who with employer had accepted provisions of Oregon Workmen's Compensation Act, *held*, entitled to compensation, under the Workmen's Compensation Act (Or. L., § 6605 et seq.), notwithstanding work was maritime in nature, since Constitution of the United States, Article I, Section 8, clause 3, giving Congress power to regulate commerce, and Article III, Section 2, and Judiciary Act Cong. 1789, Section 9 (28 U. S. C. A., § 371; U. S. Comp. Stats., § 1233), giving United States courts exclusive jurisdiction of admiralty cases, do not deny to employer and employee right to contract for compensation for accidental injuries.

---

Workmen's Compensation Acts, C. J., p. 38, n. 73.
Applicability of state Compensation Act to injury within admiralty jurisdiction, see notes in 25 A. L. R. 1029; 31 A. L. R. 518. See, also, 28 R. C. L. 730.

From Clatsop: James A. Eakin, Judge.

Department 2.

This is an appeal by the State Industrial Accident Commission from a judgment of the Circuit Court directing that the findings and order of the Commission with respect to plaintiff's claim for compensation for personal injuries sustained by him in the course of his employment as a stevedore be reversed, and that the claim be referred back to the Commission with directions to allow and fix plaintiff's compensation for the injuries sustained. The case was tried on the following stipulated facts:

On May 5, 1926, the steamship "Tiverton," a vessel engaged in intrastate and interstate commerce, was moored to the dock at Astoria, Oregon. On that date, the Nelson Steamship Company, a California corporation duly authorized to engage in business in the State of Oregon, and the owner and operator of the above-mentioned steamship, had in its employ Charles E. Rickert, the plaintiff herein, who was engaged as a longshoreman in discharging cargo from the vessel. While thus employed by the steamship company, in unloading a cargo of cement from the steamship then lying on the navigable waters of the Columbia River at Astoria, and while working aboard that steamship in transferring the cargo from the vessel to one of the docks in the City of Astoria, the plaintiff's hands were accidentally caught in the cargo he was unloading, and were severely bruised, cut and lacerated, which injury arose out of, and was received by plaintiff in the regular course of his employment.

Paragraph 3 of the stipulation of facts reads:

"That, in the early part of 1924, said Nelson Steamship Company had rejected the terms of the

Workmen's Compensation Act of * * Oregon, but that, on December 24, 1924, the Nelson Steamship Company withdrew its rejection of said act and accepted the terms thereof as to all operations done by it within the state of Oregon, which notice of withdrawal of rejection was accepted by the said Workmen's Compensation Act Commission, and became effective January 15, 1925, and that ever since the last mentioned date, said Nelson Steamship Company has regularly, in the manner and at the times required by law, made contribution upon its pay-rolls in Oregon, in the amounts required by law, to the Industrial Accident Fund of Oregon, which contributions have all been accepted by the State Industrial Accident Commission of the State of Oregon.''

The plaintiff never at any time rejected the benefits of the Workmen's Compensation Act, but impliedly accepted its protection, and, on the twenty-seventh day of May, 1926, filed his claim for compensation with the State Industrial Accident Commission and has vigorously maintained his right to compensation under the protective features of that act. The Commission rejected the claim, with the result hereinbefore stated.

In its appeal, the Commission maintains that the question of compensation for injuries received by a longshoreman while working on board a vessel engaged in interstate or foreign commerce is exclusively for the admiralty court of the United States.

AFFIRMED.   REHEARING DENIED.

For appellant there was a brief over the names of *Mr. I. H. Van Winkle,* Attorney General, and *Mr. Miles H. McKey,* Assistant Attorney General, with an oral argument by *Mr. McKey.*

For respondent there was a brief and oral argument by *Mr. Joseph K. Carson, Jr.*

*Mr. Warren H. Pillsbury, Amicus Curiae.*

BROWN, J.—Is the Workmen's Compensation Act of Oregon applicable to injuries accidentally sustained by a longshoreman in this state while engaged in the course of his employment on board a vessel lying upon the navigable waters of the United States and engaged in intrastate and interstate commerce? This is the only question presented for determination by this appeal. The Commission contends that the Compensation Act as committed to it for administration is not applicable to a longshoreman injured on board a vessel while such vessel is engaged in interstate or foreign commerce, and cites in support thereof *Southern Pacific Co.* v. *Jensen,* 244 U. S. 205 (61 L. Ed. 1086, 37 Sup. Ct. Rep. 524, Ann. Cas. 1917E, 900, L. R. A. 1918C, 451, see, also, Rose's U. S. Notes Supp.); *Knickerbocker Ice Co.* v. *Stewart,* 253 U. S. 149 (64 L. Ed. 834, 40 Sup. Ct. Rep. 438, 11 A. L. R. 1145), and *Industrial Acc. Com.* v. *Rolph Co.,* 264 U. S. 219 (68 L. Ed. 646, 44 Sup. Ct. Rep. 302). It must be borne in mind, however, that each of these cases is predicated upon a compulsory Workmen's Compensation Act, and in each instance an attempt was made to force the terms thereof upon an unwilling employer. Under such condition, these decisions are not controlling in their application to elective state workmen's compensation laws such as the Oregon act: *West* v. *Kozer,* 104 Or. 94 (206 Pac. 542); *Grant Smith-Porter Ship Co.* v. *Rohde,* 257 U. S. 469 (66 L. Ed. 321, 42 Sup. Ct. Rep. 157, 25 A. L. R. 1008); *Berry* v. *Donovan & Sons,* 120 Me. 457 (115 Atl. 250,

25 A. L. R. 1021); *Bockhop* v. *Phoenix Transit Co.*, 97 N. J. Law, 514, 117 Atl. 624).

The provisions of the Oregon Workmen's Compensation Act, as applied to the facts in this case, are not in conflict with any superior law. Section 8, Article I, of the Constitution of the United States empowers Congress "to regulate commerce with foreign nations and among the several states"; and Section 2, Article III, provides "that the judicial power shall extend to all cases * * of admiralty and maritime jurisdiction." Guided by these constitutional provisions, the Congress of the United States enacted the federal judicial Code, which provides, among other things, that the District Courts of the United States shall have exclusive original jurisdiction of all civil cases of admiralty and maritime jurisdiction, "saving to suitors in all cases the right of a common-law remedy, where the common law is competent to give it." Judiciary Act of 1789.

This is not a case of actionable negligence arising upon the navigable waters of the state or elsewhere. The facts do not constitute a tort, nor an actionable injury, but a simple accident, without fault on the part of any person. Under the provisions of the Workmen's Compensation Act, compensation is to be made to the injured workman without regard to fault or to the cause of injury. The work of plaintiff as a longshoreman in which he was engaged at the time he sustained his injury, was maritime in its nature. His contract of employment was maritime, and the accidental injury sustained by him in the course of such employment was maritime: *Southern Pacific Co.* v. *Jensen, supra.* The rights and liabilities of the parties in connection therewith were matters clearly within the admiralty jurisdiction. But, notwithstand-

ing the nature of his employment at the time he was injured, the contract between employer and employee with reference to their rights and liabilities was a lawful one, and did not offend against any superior law.

This case is determined by a former decision, which has neither been reversed nor modified. We refer to the case of *West* v. *Kozer,* 104 Or. 94 (206 Pac. 542), wherein this court made an elaborate discussion of the cases relied upon by appellant and pointed out their inapplicability to the Oregon Workmen's Compensation Act. Among other things, Mr. Justice McBride, in rendering the opinion of the court, wrote:

"Unlike the compensation acts of most of the states, compliance with the act is not compulsory, but voluntary, and the right to participate in the fund depends upon the actual or implied assent of the employer and the employee and their contribution to the fund. On principle it is difficult to see why a law which permits an employer and an employee with the financial assistance of the state to contract with each other as to the measure of the employee's compensation in case he should sustain injury while in the course of his employment, in any way trenches upon the constitutional jurisdiction of the courts of admiralty. * *

"It cannot be shown that, in the instances brought to our notice by the present appeal, the allowance of the stipulated award will in any manner 'work material prejudice to the characteristic features of the general maritime law, nor interfere with the proper harmony and uniformity of that law in its international and interstate relations.' It is not the policy of the law, international or otherwise, to pull parties into court by the hair when they have agreed between themselves upon a method of keeping out, and in view of the decision last quoted (*Southern Pacific Co.* v. *Jensen*), this ought to terminate the present controversy in favor of the petitioners."

From the concurring opinion of Mr. Chief Justice BURNETT in the same case, we quote:

"No precedent has been brought to our attention where the injury for which compensation was sought happened as a pure accident, not attributable to the wrongdoing or neglect of any one, in which compensation was denied on the ground of the supremacy of federal jurisdiction. The opposition to the claims of the petitioners here is not based on their merits or demerits, but entirely upon the proposition that the casualties involved gave rise to 'cases' triable only in the admiralty courts of the general government, and that what has been done for the claimants under the Workmen's Compensation Act is an attempted adjudication of those 'cases,' void because jurisdiction over them is vested exclusively in the federal courts.

"The casualties and injuries described in the writs appear to have been pure accidents, for which no one was responsible or to blame. No 'case' in law or equity could arise from such untoward events. There is nothing out of which can be constructed a 'case' for any court; and since there is no 'case,' the inhibition of the national Constitution forms no obstacle to the relief here sought by the petitioners."

In the case at bar there is presented no challenge of the paramount authority of the Congress of the United States to legislate with respect to maritime contracts. The provisions of the supreme law of the land hereinbefore alluded to do not pretend to deny the right of the employer and employee to contract with reference to insurance by way of compensation for accidental injuries such as were sustained by the plaintiff herein.

This case is affirmed.

AFFIRMED.   REHEARING DENIED.

BURNETT, C. J., and McBRIDE and BEAN, JJ., concur.