NORTHERN COAL & DOCK COMPANY ET AL. *v.* STRAND ET AL.

No. 41.   Argued October 23, 1928.—Decided December 10, 1928.

*Mr. Charles Quarles,* with whom *Messrs. Louis Quarles, Lyman T. Powell,* and *John S. Sprowls* were on the brief, for petitioners.

*Messrs. John A. Cadigan, Peter B. Cadigan,* and *Andrew Nelson,* were on the brief for respondent, Strand.

*Mr. Mortimer Levitan,* Assistant Attorney General of Wisconsin, with whom *Mr. John W. Reynolds,* Attorney General, was on the brief, for respondent, Industrial Commission of Wisconsin.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

Petitioner, the Northern Coal & Dock Company, an Ohio corporation whose business is mining, hauling and selling coal, maintained a dock on Superior Bay, Wisconsin, where it received and unloaded coal brought by vessels from other lake ports. It employed regularly some eighteen men who worked upon the dock or went upon vessels made fast thereto and unloaded them, as directed. Charles Strand was one of those so employed. October 10, 1924, while on the steamer Matthew Andrews assisting, as his duties required, in the discharge of her cargo, he was struck by the clamshell and instantly killed.

Respondent Emma Strand, the widow, asked the Industrial Commission of Wisconsin for an award of death benefits against the petitioners—employer and insurance car-

rier. It found that both Strand and his employer were subject to the State Compensation Act and awarded benefits. To review this ruling petitioners brought an action in the Dane County circuit court. That court sustained the award and the State Supreme Court approved its action.

Strand's employment contemplated that he should labor both upon the land and the water. When killed he was doing longshore or stevedore work on a vessel lying in navigable waters, according to his undertaking. His employment, so far as it pertained to such work, was maritime; the tort was maritime; and the rights of the parties must be ascertained upon a consideration of the maritime law. *Southern Pacific Co.* v. *Jensen,* 244 U. S. 205, 217; *Washington* v. *Dawson & Co.,* 264 U. S. 219. Originally, that law afforded no remedy for damages arising from death; but we have held that it might be supplemented by state death statutes which prescribe remedies capable of enforcement in court. *Western Fuel Co.* v. *Garcia,* 257 U. S. 233, 242. We have also held that state statutes providing compensation for employees through commissions might be treated as amending or modifying the maritime law in cases where they concern purely local matters and occasion no interference with the uniformity of such law in its international and interstate relations. *Grant Smith-Porter Ship Co.* v. *Rohde,* 257 U. S. 469; *Millers' Underwriters* v. *Braud,* 270 U. S. 59, 64; *Smith & Son* v. *Taylor,* 276 U. S. 179.

The unloading of a ship is not matter of purely local concern. It has direct relation to commerce and navigation, and uniform rules in respect thereto are essential. The fact that Strand worked for the major portion of the time upon land is unimportant. He was upon the water in pursuit of his maritime duties when the accident occurred.

Chap. 331, Wisconsin Stats. 1923 (§ 331.03, 1925 Stats.) provides for recovery of damages arising from death caused by wrongful act, neglect, or default. The same statutes (§ 102.01, 102.02, 102.03, 102.04, and 102.05, *et seq.*) deprive the employer in personal injury cases of any defense based upon assumption of risk, negligence of fellow servants, or contributory negligence (not wilful), unless he has elected to pay compensation in the manner specified, and direct that no contract, rule or regulation shall relieve him from this restriction. Also that where both employer and employee are subject to the provisions of the act the liability for compensation therein provided shall be in lieu of all other. One who employs three or more workers is declared to have elected to be subject to the act unless he has indicated the contrary. And, generally, where he has not given notice to the contrary, an employee is subject to the act whenever the employer is.

There is nothing in the record to indicate that when contracting with its stevedores the Dock Company actually agreed to subject itself to the liabilities imposed by the State Compensation Act. And it is enough here to say that the State had no power to impose upon an employer liabilities of that kind in respect of men engaged to perform the work of stevedores on ship board.

The Act of March 30, 1920, 41 Stat. 537, which provides that the personal representative may sue whenever death may be caused by wrongful act, neglect, or default on the high seas, is mentioned in the opinion below; but we think it has no bearing upon the present controversy.

Section 33 of "An Act To provide for the promotion and maintenance of the American merchant marine, to repeal certain emergency. legislation, etc."—Jones, or Merchant Marine, Act—approved June 5, 1920, 41 Stat.

988, 1007, amends section 20, Act of March 4, 1915, to read as follows:

" Sec. 20. That any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located."

*In International Stevedoring Co.* v. *Haverty,* 272 U. S. 50, 52, (October 18, 1926) the plaintiff—a longshoreman— while at work in the hold of a vessel at dock, suffered serious injury through negligence. He sued the employer for damages in the state court and recovered. This Court affirmed the judgment and ruled that within the intendment of the Merchant Marine Act " ' seaman ' is to be taken to include stevedores employed in maritime work on navigable waters as the plaintiff was."

*New York Central* v. *Winfield,* 244 U. S. 147, 151, considered the effect of the Federal Employers' Liability Act, c. 149, 35 Stat. 65; c. 143, 36 Stat. 291, upon the former right of employees to recover under the laws of the States. That act provides that every interstate carrier by railroad " shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving

widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then to the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier," etc. We held " the act is comprehensive and also exclusive," and denied the right of an employee of an interstate carrier to recover under a state statute even in respect of injuries suffered without fault as to which the federal act provides no remedy.

*Panama R. R. Co.* v. *Johnson,* 264 U. S. 375, ruled that § 20, Act of March 4, 1915, as amended by the Merchant Marine Act, incorporated the Federal Employers' Liability Act into the maritime law of the United States. See *Engel* v. *Davenport,* 271 U. S. 33, 35.

We think it necessarily follows from former decisions that by the Merchant Marine Act—a measure of general application—Congress provided a method under which the widow of Strand might secure damages resulting from his death, and that no state statute can provide any other or different one. See *Patrone* v. *Howlett,* 237 N. Y. 394.

The judgment of the court below must be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed.*

Stone, J., concurring:

I concur in the result. As the majority have placed their conclusion, in part at least, on the grounds that a stevedore, while working on a ship in navigable waters, is a " seaman " within the meaning of the Jones Act, *International Stevedoring Co.* v. *Haverty,* 272 U. S. 50, and that by the Jones Act Congress has occupied the field and excluded all state legislation having application within it, I am content to rest the case there. Similar effect has

been given to the Federal Employers' Liability Act, *N. Y. Central R. R. Co.* v. *Winfield,* 244 U. S. 147.

But I should have found it difficult to say that the present case is controlled by the maritime law and so to suggest that workmen otherwise in the situation of the respondent, but who are not seamen and therefore are not given a remedy by the Jones Act, are excluded from the benefits of a compensation act like that of Wisconsin.

The state act here is contractual, as we have held in *Booth Fisheries Co.* v. *Industrial Comm'n,* 271 U. S. 208, and the employer is bound to pay compensation in accordance with the schedules of the act because the parties have agreed that they shall apply rather than the common or any other applicable law. The employer, a wholesale coal dealer, owned or controlled no ships and, except that it owned a dock at which coal was delivered to it from ships, had no connection with maritime affairs. The employee's regular work was non-maritime and he spent but two per cent. of his time unloading his employer's coal from ships. To me it would seem that the rights of parties who have thus stipulated for the benefits of a state statute in an essentially non-maritime employment are not on any theory controlled by the maritime law or within the purview of *Southern Pacific Co.* v. *Jensen,* 244 U. S. 205, *Knickerbocker Ice Co.* v. *Stewart,* 253 U. S. 149, *Washington* v. *Dawson & Co.,* 264 U. S. 219.

Nor would it seem that resort by an employee only casually working on a ship, through such a non-maritime stipulation, to a state remedy not against the ship or its owner, but against the employer engaged in a non-maritime pursuit, is anything more than a local matter or would impair the uniformity of maritime law in its international or interstate relation. *Grant Smith-Porter Ship Co.* v. *Rohde,* 257 U. S. 469; *Millers' Underwriters* v. *Braud,* 270 U. S. 59. And see *Western Fuel Co.* v. *Garcia,* 257 U. S. 233, 242. Recovery in a state court upon an

insurance policy upon the life of a seaman for death occurring on a ship on the high seas while in the performance of his duties would not, I suppose, be deemed to have that effect or be precluded by the admiralty law, even though some of the provisions of the policy were imposed by state statute.

MR. JUSTICE HOLMES and MR. JUSTICE BRANDEIS concur in this opinion.