**EMPLOYERS' LIABILITY ASSUR. CORPO-
RATION, LIMITED, OF LONDON,
ENGLAND, v. COOK et al.**

Circuit Court of Appeals, Fifth Circuit.
March 29, 1929.

Rehearing Denied April 23, 1929.

No. 5395.

C. M. Hightower and Fred R. Switzer,
both of Houston Tex. (Vinson, Elkins,
Sweeton & Weems, of Houston, Tex., on the
brief), for appellant.

Sam C. Polk and Ira J. Allen, both of
Houston, Tex. (Polk & Allen, of Houston,
Tex., on the brief), for appellees.

Before WALKER, BRYAN, and FOS-
TER, Circuit Judges.

BRYAN, Circuit Judge. This is an action
at law, under the Workmen's Compensation
Law of Texas (Rev. St. Tex. 1925, arts. 8306–
8309), to recover compensation for the death
of Hal Cook, an employee of the Ford Motor
Company. The employee's widow obtained
a verdict, and, in pursuance of the statute,
judgment was entered up against appellant
upon its policy of compensation insurance.

The Ford Motor Company owned a plant
at Houston, Tex., for the assembling of auto-
mobiles manufactured by it. It also owned
two steamships, the Oneida and the Lake
Gorian, in which it carried its automobiles
and parts thereof from Detroit to various
assembling points, including Houston. The
Oneida first came to Houston in December,
1924, and made four other trips to that port
in 1925; the Lake Gorian came to Houston
first on December 16, 1926, and again on
January 26, 1927. The two ships were un-
loaded on each trip by employees from the
assembling plant without the aid of steve-
dores or longshoremen, in obedience to the
directions of their employer. Hal Cook was
one of the employees of the Ford Motor Com-
pany's assembling plant at Houston, where
he worked as a mechanic from July 10, 1923,
until January 26, 1927, when he was injured
while assisting in unloading the Lake Gorian.
He had assisted in unloading that ship on its
previous trip, but had not helped to unload
the Oneida on any of her trips. The injury
occurred while he was in the hold of the ship,
attempting to lift a bundle of automobile
axles. The evidence shows without conflict
that he suffered a severe strain, was unable
to work any more, and died two or three
months later. Expert witnesses for appellant
gave it as their opinion that Cook's injury
was not the cause of his death, but there was
sufficient evidence for appellee to support a
finding that death was the direct result of the
injury.

Appellant contends that the cause of
action asserted is within the exclusive juris-
diction of a court of admiralty, and therefore
cannot be maintained under the Workmen's
Compensation Law of Texas. The maritime
law is not so exclusive as to prevent recovery
under the Workmen's Compensation Acts of
the states in all cases of accident on navigable
waters. In Southern Pacific Co. v. Jensen,
244 U. S. 205, 37 S. Ct. 524, 61 L. Ed. 1086,
L. R. A. 1918C, 451, Ann. Cas. 1917E, 900,
it was held that "no such legislation [i. e.,
Workmen's Compensation Laws of the states]
is valid if it contravenes the essential pur-
pose expressed by an act of Congress, or
works material prejudice to the characteristic
features of the general maritime law or inter-
feres with the proper harmony and uni-
formity of that law in its international and
interstate relations."

But the rules of the maritime law may be modified by state statutes providing compensation for employees, where such statutes concern purely local matters and work no material prejudice to the maritime law. Grant Smith-Porter Ship Co. v. Rohde, 257 U. S. 469, 42 S. Ct. 157, 66 L. Ed. 321, 25 A. L. R. 1008. The difficulty lies in applying these general principles to the facts of any particular case. The Oregon Compensation Act was held to apply, and to afford an exclusive remedy in Grant Smith-Porter Ship Co. v. Rohde, supra. That was a case of a maritime tort, of which the admiralty court would have had jurisdiction, but for the state statute. The employee was doing carpenter work on a vessel that had been substantially completed and had been launched on the Willamette river. It was pointed out in the opinion that the employer and employee had not "consciously contracted with each other in contemplation of the general system of maritime law," but had contracted with reference to the state statute, and it was held "that their rights and liabilities had no direct relation to navigation, and the application of the local law cannot materially affect any rules of the sea whose uniformity is essential."

The Texas Compensation Act under consideration here was held to abrogate the right to resort to the admiralty court in Millers' Indemnity Underwriters v. Braud, 270 U. S. 59, 46 S. Ct. 194, 70 L. Ed. 470. That also was a case of a maritime tort which resulted in the drowning of a diver who was engaged in sawing off submerged piling which formed an obstruction to navigation in the Sabine river.

The injury to the employee in the case at bar was not caused by a tort; it was a pure accident. Appellee could obtain no relief in admiralty, and has none, unless it be under the Texas Workmen's Compensation Law. We are of opinion that the state statute applies under the peculiar facts of this case. As in the Rohde Case, the employee and employer did not contract in contemplation of the maritime law. The employee's work was to be done upon land. It was only because he was directed to do so that he ever went aboard the ship. It would be extreme to say that he was a longshoreman or stevedore, or is to be classed as a seaman, within the meaning of section 20 of the Merchants' Marine Act of 1920 (46 USCA § 688), as construed by the Supreme Court in International Stevedoring Co. v. Haverty, 272 U. S. 50, 47 S. Ct. 19, 71 L. Ed. 157. The work he did in unloading the Lake Gorian on her two trips to Houston was so infrequent, and occupied so small a part of his time, as to be merely incidental to his regular employment. The Ford Motor Company owned but two ships, which it did not use in commerce, except to carry its own goods.

The employees were not engaged to unload cargo generally, but only to take their employer's cargo off their employer's ship. We think it fairly can be said that the matter of unloading these two ships of the Ford Motor Company at rare intervals was "of mere local concern, and its regulation by the state will work no material prejudice to any * * * feature of the general maritime law." Millers' Underwriters v. Braud, supra. It is true that in Northern Coal Co. v. Strand, 278 U. S. 142, 49 S. Ct. 88, 73 L. Ed. ——, it was said that the unloading of a ship was not a matter of purely local concern. But the language used in any opinion is to be construed in the light of the facts under consideration. In the just-cited case the employees were engaged to work regularly, both upon the dock of their employer and upon ships which came to that dock to be unloaded. The contract of employment contemplated that the employees should unload the ships as well as handle coal on the dock.

That case arose under the Wisconsin Compensation Act (St. Wis. 1925, §§ 102.01 to 102.41), which is compulsory, and the Supreme Court held "that the state had no power to impose upon an employer liabilities of that kind in respect of men engaged to perform the work of stevedores on ship board." The Texas Compensation Act is elective, and, as already stated, the injury here complained of was accidental and was not attributable to a maritime tort. Both the employer and the employee could have refused to accept the benefits and responsibilities of the state statute. If the employee had done that, he could have recovered nothing in admiralty. Any liability in this case, therefore, arises out of a contract, the enforcement of which cannot affect any principle of the admiralty law. Under elective Compensation Laws it has been held by the Supreme Courts of Maine and Oregon that liability exists in cases of accidental injury to an employee engaged in maritime employment, where such injury is not caused by tort. Berry v. Donovan & Sons, 120 Me. 457, 115 A. 250, 25 A. L. R. 1021; West v. Kozer, 104 Or. 94, 206 P. 542; Rickert v. State Industrial Accident Commission, 122 Or. 565, 259 P. 205, 56 A. L. R. 348. We are not aware of any ruling to the contrary by the Supreme Court of the United States.

The judgment is affirmed.

FOSTER, Circuit Judge (dissenting). This suit is against an insurance company, and it is stipulated that the policy covered only such employees as were within the scope of the Texas Workmen's Compensation Act. The Texas law could not be made to apply to seamen engaged in interstate commerce. It also is agreed that a man employed by the Ford Motor Company signifies by signing an employment slip that he is open for any kind of work within the jurisdiction of the company. It seems to me to be immaterial how much or how little work he does of unloading vessels. While doing that work, he is to be classed as a seaman. When the deceased was injured, he was employed as a seaman engaged at the time in interstate commerce. I must admit that it is difficult to reconcile the various decisions dealing with state Compensation Laws as applied to maritime torts, but I can see no distinction in principle between the case at bar and the case of Northern Coal Co. v. Strand, 278 U. S. 142, 49 S. Ct. 88, 73 L. Ed. ——.

On the authority of that case, which is the latest decision of the Supreme Court of which I am aware, I respectfully dissent.