RUDOLPH *v.* INDUSTRIAL MARINE SERVICE, INC., *et al.*

(*Nashville,* December Term, 1947.)

Opinion filed July 17, 1948.

ALBERT G. RILEY, of Memphis, for appellant.

CHARLES L. NEELY and O. W. WELLS, both of Memphis, for appellee.

MR. JUSTICE PREWITT delivered the opinion of the Court.

Petitioner, Mary L. Rudolph, filed her petition in this case in the Probate Court of Shelby County, against the Industrial Marine Service, Inc., the employer, and the United States Fidelity & Guaranty Company, the insurance carrier, seeking compensation for the death of her husband, David M. Rudolph, under the provisions of the Workmen's Compensation Act. Williams' Code, sec. 6851 et seq. The probate judge dismissed the petition on the ground that petitioner's remedy is against the employer under the Jones Act, 46 U. S. C. A., sec. 688, and that the remedy under the Jones Act is exclusive of state laws.

Petitioner alleged that her husband on July 10, 1947, was and had been for some time an employee of the Industrial Marine Service, Inc., under a contract of employment entered into in the city of Memphis; that he was employed to render service and perform his work on boats, docks and land in Tennessee and other states; that on the above date he was at Alton, Illinois, and had been for several days prior thereto; that his employer ordered him to go into the city for the purpose of purchasing a faucet or some other small bathroom article; that in order to go to town it was necessary for deceased, as the only means of egress, to walk upon the railroad tracks to reach the public road, and while so walking upon said tracks for some distance he was run over by a railway engine and instantly killed; that his death, therefore, arose out of and in the course of his employment.

Defendants denied liability on the ground that deceased was a member of the crew of the boat and his employment was maritime, and he was not subject to the

Workmen's Compensation Act and said Act does not apply.

The evidence shows that deceased and other members of the crew work on the docks of the employer when the boat is in home port; that the employer has approximately 20 acres of land where shops are located; that the employer repairs its equipment and has various types of machinery and tools at its docks for this purpose; that when the boat arrives at the home port the crew is not laid off but works about the docks overhauling boats, driving trucks, digging ditches, etc.; that this procedure is followed so they will be available when the boat is ready to leave port again; that the men are paid by the month when they sign up for duty on a boat trip; that they are paid by the hour when they work on land at the home port; that deceased was on a mission for his master when he was killed.

Defendants contend that at the time deceased was killed he was a member of the crew, acting in the course of his employment.

The Jones Act, 46 U. S. C. A., sec. 688, provides:

"Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; . . . "

Petitioner contends that at the time deceased was killed he was not performing work of a maritime nature, but he was on an errand to purchase parts for the boat and was killed on land.

In the case of *O'Donnell* v. *Great Lakes Dredge & Dock Co.*, 318 U. S. 36, 39, 40, 63 S. Ct. 488, 490, 87 L. Ed. 596,

598, 599, 600 a seaman was injured while he was ashore to assist in repairing a gasket connection on a pipe which was being used to unload the ship. He had been ordered ashore by the master to perform this work. He brought suit under the Jones Act, and the district court held that no recovery could be had because the injury did not occur on navigable waters. The United States Supreme Court held that he was within the protection of this Act and said:

"There is nothing in the legislative history of the Jones Act to indicate that its words 'in the course of his employment' do not mean what they say or that they were intended to be restricted to injuries occurring on navigable waters. On the contrary it seems plain that in taking over the principles of recovery already established for railroad employees and extending them in the new admiralty setting (see *The Arizona* v. *Anelich,* 298 U. S. 110, 56 S. Ct. 707, 80 L. Ed. 1075, *supra*) to any seaman injured 'in the course of his employment', Congress, in the absence of any indication of a different purpose, must be taken to have intended to make them applicable so far as the words and the Constitution permit, and to have given to them the full support of all the constitutional power it possessed."

In the case of *Occidental Indemnity Co.* v. *Industrial Accident Comm.,* 24 Cal. (2d) 310, 314, 149 P. (2d) 841, 844, the employee was a seaman. The day before he was injured he had been employed by the owners of the boat as a member of the crew to go on a fishing cruise in navigable waters. The day following the boat was in the Los Angeles harbor and the employee was assisting in preparing it for the fishing expedition. At his employer's request he went to a warehouse on the shore to obtain a

net to be used in fishing and while there was injured. The boat did not leave on the expedition until some time later. The employee brought suit under the Workmen's Compensation Law of California. The commission found that he was not entitled to compensation because, in its opinion, he was not engaged in work in connection with his occupation as seaman. The Supreme Court of California annulled the award, holding that the commission did not have jurisdiction, and said:

"The reference in the Jones Act to a seaman having an election to proceed under the Jones Act refers not to an election between state and maritime law but rather as to alternatives accorded by the maritime law as modified. *Panama R. Co.* v. *Johnson,* 264 U. S. 375, 44 S. Ct. 391, 68 L. Ed. 748. The remedy under the Jones Act is exclusive of state laws (*Panama R. Co.* v. *Johnson, supra; Northern Coal & Dock Co.* v. *Strand,* 278 U. S. 142, 49 S. Ct. 88, 73 L. Ed. 232; *Lindgren* v. *United States,* 281 U. S. 38, 50 S. Ct. 207, 74 L. Ed. 686; see *Garrett* v. *Moore-McCormack Co.,* 317 U. S. 239, 63 S. Ct. 246, 87 L. Ed. 239) and supersedes the operation of state workmen's compensation laws. *Northern Coal, etc., Co.* v. *Strand, supra.*"

The Court further said at page 322 of 24 Cal. (2d) at page 848 of 149 P. (2d):

"From the foregoing it clearly appears that under the most recent decisions of the United States Supreme Court an action to recover for an injury to a seaman even though occurring on land is peculiarly within the maritime jurisdiction by way of maintenance and cure if no tort is involved or by way of the Jones Act is there is negligence. The many cases that were decided prior to these recent decisions cannot be considered controlling."

Counsel for petitioner relies on the case of *American Red Cross* v. *Hinson*, 173 Tenn. 667, 122 S. W. (2d) 433. That case was decided in 1938, prior to the United States Supreme Court decisions in the cases of *O'Donnell* v. *Great Lakes Dredge & Dock Co., supra; Norton* v. *Warner Co.*, 321 U. S. 565, 64 S. Ct. 747, 88 L. Ed. 430; and *Swanson* v. *Marra Bros.*, 328 U. S. 1, 66 S. Ct. 869, 90 L. Ed. 1045. Under the recent holdings of the Supreme Court of the United States, a seaman, or member of the crew injured in the course of his employment, must proceed under the Jones Act, whether the injuries were caused by an accident on board or on shore.

Deceased was a member of the crew, acting in the course of his employment when he was killed, and the work he was performing at the time he was killed was at the express order of the master of the boat and was related to his service to the boat. We, therefore, hold that petitioner's remedy against the employer is under the Jones Act, and that this remedy is exclusive of state law.

The decree of the probate judge is affirmed.

All concur.