Clarence MINGS, Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

Civ. No. 62-1326.

United States District Court
S. D. California,
Central Division.

Oct. 10, 1963.

Magana, Olney, Levy, Cathcart & Gelfand, by Mitchell Levy, Los Angeles, Cal., for plaintiff.

·Francis C. Whelan, U. S. Atty. for Southern Dist. of California, by Donald A. Fareed, Asst. U. S. Atty., Chief of Civil Section, Stanley M. Lintz, Asst. U. S. Atty., Keith R. Ferguson, Sp. Asst. to the Atty. Gen., and Jerome O. Hughey, Atty., Admiralty & Shipping Section, Dept. of Justice, Los Angeles, Cal., for defendant.

THURMOND CLARKE, District Judge.

This case is presently before the Court on defendant's motion to dismiss.

Plaintiff Clarence Mings, a longshoreman employed by Marine Terminals, Inc., was injured December 3, 1961 in the course of his employment while he was

working on the deck of a public vessel of the United States, the U.S.N.S. PRIVATE JOSEPH MERRELL, at Port Hueneme, California, on navigable waters of the United States. The accident occurred when a shoreside crane, owned by the United States and being operated by a civil service employee, dropped part of its load, striking plaintiff.

Plaintiff brought this action under the Federal Tort Claims Act, alleging defendant, through its servants, was negligent in operation of the crane. Defendant seeks dismissal of the action on the ground sole jurisdiction is in admiralty under the Suits in Admiralty Act (46 U.S.C. § 741 ff.) Defendant further maintains the action cannot be transferred from the law side to the admiralty side of the court.

The Federal Tort Claims Act provides, in part, at 28 U.S.C. § 2680:

"The provisions of this chapter * * * shall not apply to— * *

"(d) Any claim for which a remedy is provided by sections 741–752, 781–790 of Title 46, relating to claims or suits in admiralty against the United States. * * *"

Title 46, § 742 provides, in part:

"In cases where if such vessel were privately owned or operated, or if such cargo were privately owned or possessed, or if a private person or property were involved, a proceeding in admiralty could be maintained, any appropriate nonjury proceeding in personam may be brought against the United States * * *."

■ It is well settled that for the purpose of determining admiralty jurisdiction the place where the tort occurred is controlling.

"Admiralty tort jurisdiction has never depended upon the nature of the tort or how it came about, but upon the locality where it occurred. * * * Locality has remained the sole test of admiralty tort jurisdiction * * *.

" * * * the tort is deemed to occur, not where the wrongful act or omission has its inception, but where the impact of the act or omission produces such injury as to give rise to a cause of action. * * *" Wilson v. Transocean Airlines, 121 F.Supp. 85, at p. 92 (Cal.1954).

See also Noel v. Airponents, Inc., 169 F. Supp. 348 (N.J.1958); Middlleton v. United Aircraft Corporation, 204 F. Supp. 856 (N.Y.1960); 2 C.J.S. Admiralty § 59 p. 114 ff.; Cf. Northern Coal & Dock Co. v. Strand, 278 U.S. 142, 49 S.Ct. 88, 73 L.Ed. 232 (1928), wherein the Court held a stevedore unloading a vessel was engaged in maritime work within the meaning of the Merchant Marine Act.

■ Although the instrumentality causing the injury was on the dock, plaintiff was working on the deck of the vessel, and the blow causing the injury occurred there. Clearly the tort meets the "locality test" of admiralty law.

Plaintiff urges 46 U.S.C. § 742 is inapplicable in that the injuries complained of were not caused by the vessel itself. The United States Court of Appeals for this Circuit has construed this portion of the statute in Thomason v. United States, 9 Cir., 184 F.2d 105, at p. 107 (1950):

" * * * Since it is clearly settled that the loss or injury for which damages are claimed need not be 'caused' by the ship in the sense that the ship is the physical instrument creating the harm, as in a collision, the meaning of the requirement that the damages be 'caused' by the ship is that the damages must have arisen out of the possession or operation of the ship. * * *"

The court finds under this holding the action is one cognizable in admiralty.

■ The question then arises whether the action must be dismissed or whether it may be transferred to the admiralty side of the court.

There is a division of authority on this question; but the court finds the better

reasoning, and that in the more recent decisions, supports the view that the case may be transferred to admiralty, thus avoiding a multiplicity of actions.

In Liberty Mutual Insurance Company v. United States, 183 F.Supp. 944, at p. 945 (N.Y.1960), the court states:

"* * * if the plaintiff has a cause of action under the above [Public Vessels and Suits in Admiralty] Acts which was instituted by error on the law side under the Federal Tort Claims Act, this Court has jurisdiction to permit plaintiff to amend its complaint accordingly."

See also Modin v. Matson Nav. Co., 128 F.2d 194 (9th Cir., 1942); Weiss v. United States, 168 F.Supp. 300 (N.J. 1958), and dictum to this effect in Fematt v. Nedlloyd Line, 191 F.Supp. 907 (D.C.Cal.1961).

Defendant's motion to dismiss should be, and the same hereby is, denied.