**COMMERCIAL UNION INSURANCE COMPANY, Appellee,**

v.

**John P. McKINNON; Barbara A. McKinnon, Appellants.**

No. 93–1085.

United States Court of Appeals, Eighth Circuit.

Submitted June 17, 1993.

Decided Dec. 6, 1993.

Rehearing and Suggestion for Rehearing En Banc Denied Feb. 25, 1994.

J.C. Hambrick, Kansas City, MO, argued, for appellants.

John R. Halpern, St. Louis, MO, argued, for appellee.

Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.

1. The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

BOWMAN, Circuit Judge.

Commercial Union Insurance Company brought suit against John and Barbara McKinnon for restitution of workers' compensation benefits paid to John McKinnon, the latter having also recovered damages under federal maritime law for his injuries. The District Court [1] granted summary judgment in favor of Commercial Union. The McKinnons appeal. We affirm.

## I.

John McKinnon, a dredge operator, was injured in 1987 while working on a dredge for his employer, Holliday Sand & Gravel Company ("Holliday"). McKinnon filed a claim for workers' compensation and eventually received benefits in the amount of $53,179.85 from Aetna Casualty & Surety Company ("Aetna"), Holliday's workers' compensation carrier. Shortly thereafter, McKinnon brought suit against Holliday pursuant to the Jones Act, 46 U.S.C.App. § 688 (1988), and general maritime law. Originally, Aetna agreed to defend the suit, but withdrew when it discovered that its policy did not cover the Jones Act claim. Commercial Union, Holliday's general liability insurer, then assumed defense of the suit, and, prior to trial, settled with the McKinnons for $500,000.

After the settlement, Aetna demanded reimbursement from Commercial Union for the $53,179.85 paid to John McKinnon as workers' compensation. Commercial Union remitted this amount to Aetna and, in exchange, received an assignment of rights from Aetna to recover all medical and compensation benefits paid to John McKinnon as workers' compensation. Commercial Union then commenced the present suit against the McKinnons to recover those benefits, alleging that the Jones Act affords an exclusive remedy for John McKinnon's injuries, and, thus, that the McKinnons were not entitled to retain the workers' compensation benefits paid by Aetna. The District Court granted summary judgment in favor of Commercial Union. This appeal followed.

## II.

We review *de novo* a grant of summary judgment, applying the same standard that the District Court applied. *Reich v. Conagra, Inc.*, 987 F.2d 1357, 1359 (8th Cir.1993). We must decide whether the record, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Cole v. Bone*, 993 F.2d 1328, 1331 (8th Cir.1993).

■ Section 688(a) of the Jones Act provides that "[a]ny seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law." The Supreme Court has held that this language provides a seaman's exclusive remedy. *Northern Coal & Dock Co. v. Strand*, 278 U.S. 142, 147, 49 S.Ct. 88, 89, 73 L.Ed. 232 (1928). To give substance to this rule, any recovery received under the Jones Act should be reduced by any payments previously received under a state's workers' compensation law. *See Biggs v. Norfolk Dredging Co.*, 360 F.2d 360, 364 (4th Cir.1966); *Spiller v. Lowe*, 328 F.Supp. 54, 64 (W.D.Ark.1971), *aff'd on other grounds*, 466 F.2d 903 (8th Cir.1972).

■ In addition, Missouri workers' compensation law specifically precludes recompense where the work-related injuries are "exclusively covered by any federal law." Mo.Rev.Stat. § 287.110.1 (1986). A Missouri court interpreting this statute in the context of the Jones Act has held that an injury to a seaman is not a claim compensable under the Missouri workers' compensation law. *Pfister v. Bagdett Constr. Co.*, 65 S.W.2d 137, 138 (Mo.Ct.App.1933). Thus, it is clear that, as a matter of law, the Jones Act provides the McKinnons exclusive remedy for the injuries suffered by John McKinnon in the dredge accident.

■ The McKinnons concede that the workers' compensation payments they received should have been credited against any judgment or settlement in their Jones Act suit. However, the McKinnons argue to this Court that they recognized Commercial Union's right to reduce any amount paid to them under the Jones Act by the amount of the workers' compensation benefits they already had received and proceeded upon this theory in their dealings with Commercial Union. They further argue to this Court that an issue of fact exists as to whether the final settlement of their Jones Act claim for $500,-000 includes an agreed-upon reduction reflecting the amount of the workers' compensation benefits already paid by Aetna. They contend that, as all the parties were aware of the claim for credit at the time of the settlement of the Jones Act claim and agreed that it was due, the amount of the settlement was intended to be in addition to the funds received as workers' compensation. We conclude, however, that this issue is not properly before us. Although the McKinnons raised this defense in their answer, they failed to pursue it in the District Court. They did not even mention it in their response to Commercial Union's motion for summary judgment, much less provide the District Court with any factual support for this defense by means of affidavits, depositions or other evidence. Thus, the issue was waived and cannot be resurrected on appeal.

■ The McKinnons also argue that the instant suit by Commercial Union is an improper attempt to assert a subrogation claim for the workers' compensation payments made by Aetna. They base this argument on Mo.Rev.Stat. § 287.150 (Supp.1992), which is part of the Missouri workers' compensation law, and which provides for subrogation of the employer to the right of the employee or his dependents where a third person is liable for the employee's injury or death. We conclude that the McKinnons' reliance on this statute is misplaced, as the statute does not address the circumstances presented by this case, where the McKinnons are being asked to make restitution of workers' compensation benefits to which they were not entitled. Unlike the situation addressed by section 287.150, this case has nothing to do with the liability of a third person for John McKinnon's injury, and everything to do with the disgorgement by the McKinnons of benefits they are not entitled to retain. Commercial Union, as Aetna's assignee, simply seeks recovery of the workers' compensation pay-

ments made by Aetna for the McKinnons' benefit. As the District Court correctly concluded, this is not a subrogation claim, and section 287.150 is inapplicable.

The judgment of the District Court is affirmed.

HEANEY, Senior Circuit Judge, dissenting.

Perhaps the simplest view of this case is presented in a letter sent to Commercial Union by Aetna several months after the settlement was reached in the Jones Act litigation. After first detailing the payments Aetna had made to Mr. McKinnon for claims under Missouri's workers compensation law, Aetna's claims manager explained that "[r]eimbursement of those benefits should have been made at the time Commercial Union settled Mr. McKinnon's Jones Act case." Letter from Aetna to Commercial Union of Sept. 5, 1990, at 1. The letter continued to state that "because Commercial Union Insurance Company failed to protect this interest [of Aetna's], it is now fully responsible for reimbursement." *Id.*

I could not agree more. Commercial Union's failure to address this issue when it settled the Jones Act litigation left the onus on Commercial Union. Aetna was aware of the Jones Act litigation and the McKinnons had agreed that Aetna was due a setoff against whatever judgment they received after trial. Commercial Union failed to raise the issue in the settlement proceedings, essentially sandbagging the McKinnons into settling, and it is Commercial Union that should reimburse Aetna (as it has). Once the McKinnons agreed to a settlement of $500,000 for the Jones Act claim, their role in this affair should have ended. Instead, the court today affirms the district court's ruling that the McKinnons actually agreed to a settlement of less than $450,000, and only thought that they had agreed to a settlement of $500,000. Because I cannot condone this chicanery by Commercial Union, and I do not believe the law condones such behavior, I respectfully dissent.