NORWEST CORPORATION AND SUBSIDIARIES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Norwest Corp. v. Commissioner
Docket No. 13908-92.
United States Tax Court
T.C. Memo 1995-453; 1995 Tax Ct. Memo LEXIS 451; 70 T.C.M. (CCH) 779; September 25, 1995, Filed *451 Mark Alan Hager, Robert James Jones, Thomas Richard Dwyer, and Susan K. Matlow, for petitioner. Robert M. Ratchford and Dana E. Hundrieser, for respondent. JACOBS, Judge JACOBS
MEMORANDUM OPINION JACOBS, Judge: This matter is before the Court on respondent's motion, and petitioner's cross-motion, for partial summary judgment pursuant to Rule 121. Both parties submitted memoranda in support of their positions. All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code in effect for the years under consideration. Background
Respondent determined deficiencies in petitioner's Federal income taxes and additional interest for years 1983 through 1986. Part of the alleged deficiency for 1983 is attributable to the disallowance of a $ 137,031 Mexican foreign tax credit. It is the disallowance of this tax credit that is the subject of the parties' competing motions. Respondent determined that petitioner was not entitled to the foreign tax credit, claiming that petitioner failed to substantiate payment of the alleged Mexican withholding taxes. Petitioner contends otherwise; namely, that it provided respondent *452 with secondary evidence sufficient to substantiate the payment of Mexican withholding taxes. CONASUPO
Norwest Corporation [1] is the parent company of a group of corporations, including Northwestern National Bank of Minneapolis, N.A. (Northwestern Bank). At all relevant times, Northwestern Bank was a national banking association organized under the laws of the United States. Foreign lending was an integral part of Northwestern Bank's financial and banking services business. In 1981, Northwestern Bank and Compania Nacional de Subsistencias Populares (CONASUPO) [2] entered into a Eurodollar Credit Agreement (the Credit Agreement). Pursuant thereto, Northwestern Bank agreed to advance CONASUPO amounts not to exceed $ 7,500,000 in the aggregate. The Credit Agreement further provided that CONASUPO was to pay interest to Northwestern Bank on a semi-annual basis, free of the payment of Mexican withholding taxes. *453 [3]
CONASUPO's debt to Northwestern Bank under the Credit Agreement, along with its external *454 debt to other banks, became the subject of a Restructure Agreement, effective January 23, 1984. Pursuant to the Restructure Agreement, Northwestern Bank (having then changed its name to Norwest Bank Minneapolis, N.A.) and CONASUPO prepared a Single Bank Credit Schedule, making the Credit Agreement, representing a $ 7,500,000 credit, subject to the Restructure Agreement. On its consolidated Federal income tax return for 1983, petitioner claimed a $ 137,031 foreign tax credit for Mexican taxes allegedly withheld and paid by CONASUPO. As previously stated, respondent disallowed the claimed foreign tax credit on the basis that petitioner did not substantiate its claim as required by section 905(b) and section 1.905-2(b), Income Tax Regs.
Petitioner does not have copies of official tax receipts or copies of Mexican tax forms HISR-3 or HISR-125 to prove payment of withholding taxes by CONASUPO on petitioner's behalf for 1983. [4] To substantiate its claimed 1983 foreign tax credit, petitioner submitted to respondent a copy of a December 6, 1984, letter (the borrower letter) allegedly provided by CONASUPO. [5] The borrower letter, written in Spanish, states: Mexico, D.F., a 6 de diciembre *455 de 1984 OF/2312/84 NORWEST BANK MINNEAPOLIS
Rio Nilo No. 90 4o. Piso Mexico 5, D.F. Srita. Geraldina Gonzalez
Me permito enviar a usted relacion anexa del Impuesto Sobre la Renta, rentenido por CONASUPO, en los anos 1982, 1983 y 1984, - correspondientes a los intereses pagados a su Institucion sobre una operacion de financiamiento. Dichos impuestos fueron integrados en las liquidaciones que periodicamente efectua CONASUPO, ante la Secretaria de Hacienda y Credito Publico.
Atentamente, ING. ENRIQUE JIMENEZ ESPRIU Diurector de Planeacion y Finanzas Petitioner translates the body of the borrower letter as follows: Permit me to send to you the attached report of income tax retained by CONASUPO in the years 1982, 1983 and 1984 corresponding *456 to the interest paid to your institution on a financing operation. Said taxes were integrated in the liquidations that Conasupo periodically effected before the Ministry of Finance and Public Credit.
Respondent translates the body of the borrower letter as follows: I am permitted to send to you the attached regarding the Income Tax, withheld by CONASUPO, in the years 1982, 1983 and 1984, - corresponding to the interest paid to your Institution on a financing transaction. Said taxes were integrated in the settlement of debts that CONASUPO periodically carries out with the Secretaria de Hacienda y Credito Publico [Mexican I.R.S.].
Attached to the borrower letter is a chart setting forth the amount, duration, rate of interest, and payments made on the loans. There is no reference in the chart to withholding taxes paid. Discussion
Rule 121 provides for summary judgment on legal issues in controversies where there is no genuine issue of material fact. [6]Commercial Union Ins. Co. v. McKinnon, 10 F.3d 1352, 1354 (8th Cir. 1993); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); *457 Naftel v. Commissioner, 85 T.C. 527, 528-529 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). Partial summary judgment that does not dispose of all issues may be sought and granted. Elkins v. Commissioner, 81 T.C. 669, 674 (1983). The burden is on the moving party to show that it is entitled to summary judgment and that the matter may be decided on the basis of the documents before this Court. Espinoza v. Commissioner, 78 T.C. 412, 416 (1982); Gulfstream Land & Dev. Corp. v. Commissioner, 71 T.C. 587, 596 (1979); Giordano v. Commissioner, 63 T.C. 462 (1975). Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Florida Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). A domestic *458 corporation is entitled to claim as a credit against its Federal income tax (subject to certain limitations) "the amount of any income * * * taxes paid or accrued during the taxable year to any foreign country". Sec. 901(b)(1). Foreign tax credits are used to reduce international double taxation. See American Chicle Co. v. United States, 316 U.S. 450, 452 (1942); Nissho Iwai Am. Corp. v. Commissioner, 89 T.C. 765, 776 (1987). Petitioner bears the burden of proving that the foreign taxes for which it claims a credit not only were withheld, but paid. Sec. 905(b). [7]
*459 Section 1.905-2(a)(1), Income Tax Regs., provides that all tax credit claims made by corporations for foreign taxes already paid must be accompanied by Form 1118 (Computation of Foreign Tax Credit - Corporations). Section 1.905-2(a)(2), Income Tax Regs., provides in relevant part: Except where it is established to the satisfaction of the district director that it is impossible for the taxpayer to furnish such evidence, the form must have attached to it (i) the receipt for each such tax payment if credit is sought for taxes already paid, or (ii) the return on which each such accrued tax was based if credit is sought for taxes accrued.
Subsection (b) of section 1.905-2, Income Tax Regs., provides for the use of secondary evidence if a receipt or direct evidence of the amount of tax withheld at the source cannot be supplied for taxes already paid. This regulation provides in relevant part: (b) Secondary evidence. Where it has been established to the satisfaction of the district director that it is impossible to furnish a receipt for such foreign tax payment, the foreign tax return, or direct evidence of the amount of tax withheld at the source, the district director *460 may, in his discretion, accept secondary evidence thereof as follows: (1) Receipt for payment. In the absence of a receipt for payment of foreign taxes there shall be submitted a photostatic copy of the check, draft, or other medium of payment showing the amount and date thereof, with certification identifying it with the tax claimed to have been paid, together with evidence establishing that the tax was paid for taxpayer's account as his own tax on his own income. If credit is claimed on an accrual method, it must be shown that the tax accrued in the taxable year. * * * * (3) Tax withheld at source. In the case of taxes withheld at the source from dividends, interest, royalties, compensation, or other form of income, where evidence of withholding and of the amount withheld cannot be secured from those who have made the payments, the district director may, in his discretion, accept secondary evidence of such withholding and of the amount of the tax so withheld, having due regard to the taxpayer's books of account and to the rates of taxation prevailing in the particular foreign country during the period involved.
Thus, while taxpayers must in the first instance *461 submit direct evidence, if possible, the district director may, in his discretion, accept secondary evidence that foreign withholding was in fact withheld and paid. Petitioner concedes that it failed to present direct evidence. However, petitioner contends that respondent abused her discretion by determining that petitioner failed to provide sufficient secondary evidence as substantiation, claiming that the borrower letter satisfies the requirements of section 1.905-2(b)(3), Income Tax Regs. Therefore, the question to be herein resolved is whether petitioner's borrower letter constitutes acceptable secondary evidence under section 905(b) and section 1.905-2(b), Income Tax Regs.
Whether respondent has abused her discretion is a question of fact. See Buzzetta Constr. Corp. v. Commissioner, 92 T.C. 641, 648 (1989). In this regard, petitioner's burden of proof regarding an abuse of discretion by respondent is greater than the usual requirement of the preponderance of the evidence standard. Id.
Petitioner posits that because respondent accepted the borrower letter [8] as secondary evidence to allow a foreign tax credit for years 1982 and 1984, respondent *462 should similarly do so for 1983, the year before us. We disagree. Assuming arguendo that respondent did allow foreign tax credits to petitioner based on the borrower letter for 1982 and 1984 (which is not clear from the record before us), respondent is not obligated to do so for 1983. In this regard, it is well settled that each tax year is independent from any other, and the Commissioner may challenge in one year that which was condoned or agreed to in another year. Harrah's Club v. United States, 228 Ct. Cl. 650, 661 F.2d 203, 205 (1981), and cases cited therein; Avers v. Commissioner, T.C. Memo. 1988-176. Further, as to the year 1984, petitioner provided respondent with official tax receipts (that were provided to petitioner in connection with the Restructure Agreement) for such year; but it failed to provide respondent with such receipts for 1983. *463 In Continental Ill. Corp. v. Commissioner, T.C. Memo. 1991- 66, affd. in part, revd. in part 998 F.2d 513 (7th Cir. 1993), this Court was asked to rule on the sufficiency of numerous borrower letters. We held therein that borrower letters may constitute acceptable secondary evidence [9] *465 and that pursuant to sections 901 and 905, the taxpayer in that case was entitled to the claimed foreign tax credits where it presented borrower letters stating that the foreign withholding taxes were "both withheld and paid to foreign tax authorities by the foreign borrowers" on the taxpayer's behalf. We further held that the Commissioner had "abused his discretion by failing to accept" as secondary evidence borrower letters stating that the withholding tax was actually paid by the foreign borrower on the taxpayer's behalf. The U.S. Court of Appeals for the Seventh Circuit [10] reversed this part of our opinion. Continental Ill. Corp. v. Commissioner, 998 F.2d 513 (7th Cir. 1993). The Court of Appeals observed that section 1.905-2(b)(1), Income Tax Regs., requires "a photostatic copy of the check, draft, or other medium *464 of payment showing the amount and date thereof, with certification identifying it with the tax claimed to have been paid, together with evidence establishing that the tax was paid for taxpayer's account as his own tax on his own income." Continental Ill. Corp. v. Commissioner, 998 F.2d at 517. The Court of Appeals stated that "the borrowers' letters did not comply with these straightforward requirements." Id. The Court of Appeals concluded that the Commissioner did not commit an abuse of discretion by failing to accept these borrower letters as adequate substantiation. Respondent contends that we should adhere to the Court of Appeals' holding in Continental Illinois; petitioner contends that we should follow our Memorandum Findings of Fact and Opinion in that case. We need not decide this matter because the borrower letter herein differs from those we accepted in Continental Illinois. Even under the analysis of our opinion in Continental Illinois, respondent prevails because the language of the borrower letter herein (in both petitioner's and respondent's translations) fails to state that the withholding tax was in fact paid[11] to the Mexican government. With regard to the language of the borrower letter herein, the meaning of the phrases "said taxes were integrated in the liquidations that CONASUPO periodically effected before the Ministry of Finance and Public Credit" (petitioner's translation) or "said taxes were integrated in the settlement of debts that CONASUPO periodically carries out with the Secretaria de Hacienda y Credito Publico [Mexican I.R.S.]" *466 (respondent's translation) is not synonymous with "said taxes were paid" to the Mexican government. [12] The mere statement that there was a "liquidation" or "settlement" of debt does not establish that CONASUPO paid the taxes. [13]
*467 In summary, under the analysis of our opinion in Continental Illinois, the borrower letter herein would not constitute acceptable secondary evidence because it fails to state that the alleged withholding taxes were paid to the Mexican government. And under the analysis of the Court of Appeals' opinion in Continental Illinois, petitioner's borrower letter would fail as acceptable secondary evidence because it does not comply with the "straightforward requirements" of section 1.905-2(b)(1), Income Tax Regs.
Finally, petitioner argues that the Court of Appeals' opinion is incorrect because it failed to consider section 1.905-2(b)(3), Income Tax Regs. This regulatory subparagraph informs taxpayers that do not have direct evidence of withholding that the district director may, at his discretion, consider secondary evidence of withholding. Suffice to say, it is within the district director's discretion to decide whether the secondary evidence presented is sufficient. Here, we believe that the district director did not abuse his discretion by failing to accept petitioner's secondary evidence. Accordingly, section 1.905-2(b)(3), Income Tax Regs., does not support petitioner's position. *468 To reflect the foregoing, we will grant respondent's motion for partial summary judgment and deny petitioner's cross-motion for partial summary judgment. An appropriate order will be issued. Footnotes
1. At the time the petition was filed, petitioner's principal place of business was Minneapolis, Minnesota.↩
2. CONASUPO was a decentralized public agency of the Mexican Federal Government.↩
3. Sec. 1.08 of the Credit Agreement states, in relevant part: Each such payment shall be so made by the Borrower free and clear of and without deduction for any and all present and future taxes, levies, imposts, deductions, charges, withholdings, and all liabilities with respect thereto, levied or imposed by Mexico or any political subdivision thereof (all such non-excluded taxes, levies, imposts [,] deductions, charges [,] withholdings [,] and liabilities being hereinafter referred to as "Taxes"), provided↩, that if the Borrower shall make any deduction, withholding [,] or payment on account of such Taxes, the Borrower shall pay the Bank such additional amount as will result in the receipt by the Bank of the full amount which would otherwise have been receivable hereunder had no such deduction, withholding [,] or payment been made.
4. Petitioner provided official tax receipts to prove payment of 1984 Mexican withholding taxes for the CONASUPO Restructure Agreement.↩
5. For purposes of these motions, we assume that the borrower letter would be admissible into evidence at trial.↩
6. The parties herein agree that there are no material facts in dispute.↩
7. Sec. 905(b) provides: The credits provided in this subpart shall be allowed only if the taxpayer establishes to the satisfaction of the Secretary-- (1) the total amount of income derived from sources without the United States, determined as provided in part I, (2) the amount of income derived from each country, the tax paid or accrued to which is claimed as a credit under this subpart, such amount to be determined under regulations prescribed by the Secretary, and (3) all other information necessary for the verification and computation of such credits.↩
8. In addition to the borrower letter, petitioner argues that it submitted to respondent a Modular International Dealing and Accounting System Report (MIDAS Report) to substantiate the amount of foreign taxes withheld and paid for 1981 through 1984. Petitioner asserts that it maintained the MIDAS Report in its regular and ordinary course of business, providing information on foreign loans; i.e., borrower country, borrower name, loan amount, interest rate, interest payments, foreign tax rate, foreign taxes withheld, and indication of a foreign tax receipt or other substantiation. Petitioner's introduction of the MIDAS Report does not substantiate the 1983 foreign tax credit. The MIDAS Report is not a receipt for payment of 1983 foreign taxes nor does it verify that the withholding tax was in fact paid.↩
9. We did not accept all of the taxpayer's borrower letters as sufficient substantiation in Continental Ill. v. Commissioner, T.C. Memo. 1991-66, affd. in part, revd. in part 998 F.2d 513↩ (7th Cir. 1993). We rejected borrower letters provided by Mexican borrowers, Petroleos Mexicanos (PeMex) and Comision Federal de Electricidad (CFE), both decentralized public agencies of Mexico, which did not specifically state that the withholding taxes were paid. With regard to these particular letters, we concluded that an "informal administrative understanding" existed between these agencies and the Mexican government, whereby these agencies were not required to pay withholding tax imposed on interest paid. Respondent attempts to apply such conclusion here, arguing that because CONASUPO was a decentralized public agency (like PeMex and CFE), it too had an understanding with the Mexican government that withheld taxes were not required to be paid. However, respondent has failed to document that such an understanding existed, and the point is disputed by petitioner. We therefore do not rely upon this matter in resolving the instant motions.
10. An appeal in this case would lie to the U.S. Court of Appeals for the Eighth Circuit.↩
11. It is noteworthy that in the first sentence of the borrower letter, the word "pagados", or paid, is used with regard to "interest paid". However, the word "integrados", or integrated, is used in the second sentence in reference to "said taxes" (or withholding). Had CONASUPO meant withholding "paid" in the second sentence, it could have used the word " pagados" It did not.↩
12. "Integrate" is defined as: 1. To make into a whole by bringing all parts together; UNIFY. 2. To join with something else; UNITE.↩
Webster's Second New Riverside University Dictionary 634 (1988).
13. Petitioner believes that its borrower letter has more probative weight than those in Continental Ill. v. Commissioner, supra↩, because it was written closer in time to the year that the taxes were withheld. We are not persuaded by petitioner's argument.