SULTAN RAILWAY & TIMBER COMPANY *v.* DEPARTMENT OF LABOR AND INDUSTRIES OF THE STATE OF WASHINGTON ET AL.

ECLIPSE MILL COMPANY *v.* SAME.

Nos. 274 and 275. · Argued March 5, 1928.—Decided May 14, 1928.

136

*Mr. Frederic E. Fuller,* with whom *Messrs. James W. McBurney* and *John H. O'Brien* were on the brief, submitted for plaintiffs in error.

*Mr. Mark H. Wight,* with whom *Mr. John H. Dunbar* was on the brief, for defendants in error.

MR. JUSTICE VAN DEVANTER delivered the opinion of the Court.

These suits present the same questions, were heard together and may be disposed of in one opinion, as they were below.

They were brought to restrain the enforcement of an order, legislative in character, made by a state bureau—the objection to the order being that it is repugnant to the Constitution and laws of the United States in that it impinges on the admiralty and maritime jurisdiction of the United States. The order was upheld by the trial court and by the Supreme Court of the State, 141 Washington 172. The cases are here on writs of error sued out under § 237(a) of the Judicial Code.

The order is a statute of the State within the meaning of that section, and therefore our jurisdiction is invoked in the right mode. *John P. King Manufacturing Co.* v. *Augusta,* ante, p. 100, and cases there cited.

The order requires each of the plaintiffs from time to time to report the number of men employed by it in the work about to be described; together with the wages paid to them, and to pay into the State's workmen's compensation fund, out of which injured employees are compensated, premiums or assessments based on such wages.

The plaintiff in one suit is conducting logging operations, a part of which consists in putting sawlogs into booms, after they have been thrown into a navigable river, so that they conveniently may be towed elsewhere for sale. The men are employed in the booming work. The plaintiff in the other suit conducts a saw mill on the bank of a navigable river. Logs are towed in booms to a point adjacent to the mill and then anchored. The booms afterwards are taken apart and the logs are guided to a conveyor extending into the river and then drawn into the mill for sawing. The men are employed in taking apart the booms and guiding the logs to the conveyor. In both instances the place of work is on navigable water— in one it is done before actual transportation begins and in the other after the transportation is completed.

It is settled by our decisions that where the employment, although maritime in character, pertains to local matters, having only an incidental relation to navigation and commerce, the rights, obligations and liabilities of the parties, as between themselves, may be regulated by local rules which do not work material prejudice to the characteristic features of the general maritime law or interfere with its uniformity. *Grant Smith-Porter Co.* v. *Rohde,* 257 U. S. 469; *Millers' Indemnity Underwriters* v. *Braud,* 270 U. S. 59; *Alaska Packers Association* v. *Industrial Accident Commission,* 276 U. S. 467.

We think the order in question as applied to the situations disclosed comes within that rule.

*Judgments affirmed.*

MR. JUSTICE BRANDEIS.

For reasons stated in *John P. King Manufacturing Co.* v. *City Council of Augusta,* ante, p. 100, MR. JUSTICE HOLMES and I think that the writs of error in these cases also should be dismissed. Treating these writs of error as

petitions for certiorari (see *Gaines* v. *Washington*, ante, p. 81), we think that the petitions should be denied. The trivial character of the questions presented illustrates again the wisdom of not granting, in cases involving the orders of administrative boards, a review as of right— with its attendant right to oral argument. It is true that each of these cases presents a question involving the Federal Constitution. But in both the controlling principle is well settled, and the question presented is simply whether on the particular facts it is applicable. Obviously such a question is of no general importance. The number of administrative boards, state, and municipal, with like power to issue orders is now very large. Each board issues many orders. And each order may, by its application to varying facts, give rise to many distinct constitutional questions. *Dahnke-Walker Milling Co.* v. *Bondurant*, 257 U. S. 282.