In the Matter of the Claim of Clara Sells, Appellant, against Marine Garage, Inc., and Employers' Liability Assurance Corp., Ltd., Respondents. State Industrial Board, Respondent. In the Matter of the Claim of the Commissioner of Taxation and Finance, etc., on Account of the Death of Henry Sells, Respondent, against Marine Garage, Inc., and Employers' Liability Assurance Corp., Ltd., Appellants. State Industrial Board, Respondent.— Appeal from an award to the special fund under section 15 of the Workmen's Compensation Law. Deceased was employed as a gas engine mechanic and had repaired the engine in a pleasure boat, about sixty feet long, in the yard of the employer, at Brooklyn, N. Y. He then took the boat for a trial run in the East river, and while thus operating it, the boat collided with the municipal-owned ferry boat *Wyoming*, and was sunk, and the employee was drowned. Award in favor of the Commissioner of Taxation and Finance reversed, and claim dismissed, with costs against the State Industrial Board, on the ground that deceased at the time of the accident resulting in his death was engaged in a maritime employment. (*State Industrial Commission* v. *Nordenholt Corp.*, 259 U. S. 263; *Knickerbocker Ice Co.* v. *Stewart*, 253 id. 149; *Southern Pacific Co.* v. *Jensen*, 244 id. 205; *Grant Smith-Porter Ship Co.* v. *Rohde*, 257 id. 469.) Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ., concur.

In the Matter of the Claim of Katherine Horn, Appellant, against J. Weissglass and Another, Respondents. State Industrial Board, Respondent.— This is an appeal by claimant from an award and decision of the State Industrial Board disallowing the claim of death benefits. The death certificate shows that the deceased died from ioderma terminal cachexia, which is iodine poisoning. The Board found that there is no causal relation between the accident and the death of deceased. The evidence sustains this decision. Decision unanimously affirmed. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

⁙ In the Matter of the Claim of Nathan Firtle, Respondent, against Isidore Kaplan, Inc., and Another, Appellants. State Industrial Board, Respondent. — On October 14, 1932, claimant was suffering from a pre-existing condition of heart disease. On that day he was struck in the chest and near the heart by a bony substance when lifting from a hook a piece of beef weighing about 180 pounds. The Industrial Board on July 18, 1934, made an award to the claimant against the employer and carrier, and that award was affirmed by this court, and motions to appeal to the Court of Appeals were made to this court and to the Court of Appeals, and were denied. The case was restored to the calendar of the Industrial Board on the application of the carrier by order made April 26, 1935. Further hearings were had on five separate days thereafter for the purpose of receiving testimony on the questions of causal relation and rate. The Board again made findings and an award to claimant. No evidence was presented by the employer or carrier which removed the questions of fact that were present on the first appeal. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.