## WOODS v. MERRILL–STEVENS DRY DOCK & REPAIR CO.

### No. 4097.

District Court, S. D. Florida, Jacksonville Division.

April 3, 1936.

D. C. Campbell, of Jacksonville, Fla., for plaintiff.

Knight, Adair, Cooper & Osborne and J. Henson Markham, all of Jacksonville, Fla., for defendant.

L'Engle & Shands, of Jacksonville, Fla., amicus curiæ.

STRUM, District Judge.

On the bank of the St. Johns river, a navigable stream, defendant operates a ship repair plant, at which, according to the allegations of the declaration, "said defendant was engaged in dry docking, hauling out, and repairing domestic and foreign ships and other vessels engaged in carrying commerce between our states and between this nation and other nations .of the world." Defendant operates a dredge consisting of a barge equipped with a derrick and dredge bucket which it uses to clear out the silt and débris from its repair slips in said waters, so as to keep the same clear and of sufficient depth to receive vessels being dry-docked or otherwise repaired. The dredge is not self-propelling, being moved by the crew with the use of guide lines; one end of such lines being fastened to the dredge and the other to the docks. In some instances the dredge is towed from one slip to another by a tug. So far as the declaration alleges, the dredge never leaves the repair plant of defendant, but is operated only in the several repair slips for the purpose stated. It has no other function or use.

While plaintiff's deceased husband was employed as a member of the crew of this dredge, where it was his duty, amongst other things, "to work upon the decks of said dredge and also its scow alongside and to also assist defendant's other employees in opening and closing the hatches and pockets of such scow," he fell overboard at night and was drowned in the St. Johns river as a result of the alleged negligence of the defendant in failing to provide him with sufficient light to perform his work.

Plaintiff, as administratrix, sues in admiralty under the Seamen's Act (46 U.S.C.A. §§ 688, 713), to recover damages for the death of her deceased husband. Defendant moves to dismiss the action for lack of admiralty jurisdiction.

Because the work in which the deceased was engaged was of purely local concern and had no direct relation to navigation or commerce, the cause of action here alleged is within the exclusive provisions of the Florida Workmen's Compensation Act (chapter 17481, Laws of Fla. 1935, p. 1456), which in the circumstances here alleged does not invade the admiralty jurisdiction of this court.

What work has a direct relation to navigation or commerce must be determined with reference to the surrounding circumstances of each case. Baizley v. Span, 281 U.S. 222, 50 S.Ct. 306, 74 L.Ed. 819. All torts are not maritime in character and of exclusive admiralty jurisdiction merely because they occur on navigable waters. Grant, etc., Co. v. Rohde, 257 U.S. 469, 470, 42 S.Ct. 157, 66 L.Ed. 321, 25 A.L.R. 1008. Where the circumstances out of which the tort arises are nonmaritime in character or of purely local concern, a local statute regulating liability may abrogate a remedy in admiralty which otherwise might exist. Sultan Ry. & Timber Co. v. Dept. of Labor, 277 U.S. 135, 138, 48 S.Ct. 505, 72 L.Ed. 820; 71 C.J. 325 (54).

The dredge here in question was not engaged in digging or deepening a channel used by commerce generally, but was engaged in maintaining the proper depth of water in privately operated "slips" where vessels were dry-docked and repaired by the defendant. Its use was essentially and exclusively local. It never leaves the privately operated slips of the defendant. It carried on no commerce. Its sole relation to the maritime field is the fact that it floats on navigable water and assists in keeping a proper depth of water in defendant's local repair slips for commercial vessels to enter them. These circumstances are not enough to exclude this case from the Florida workmen's compensation statute where, as here, the relation of the work of the dredge to commerce and navigation was merely incidental and indirect and its activities of such a purely local nature as not to materially affect or prejudice any of those rules of commerce or navigation, uniformity of which is essential and therefore cognizable exclusively in admiralty. In the circumstances presented by this declaration, where the matter is one of purely local concern, having only an incidental and indirect relation to commerce and navigation, the regulation of the relation of employer and employee works no prejudice to the general laws of navigation and commerce. The state statute may

210

therefore prescribe an exclusive remedy to compensate such employee for injury in these circumstances.

The principles enunciated in Sultan Ry. & Timber Co. v. Dept. of Labor, 277 U.S. 135, 138, 48 S.Ct. 505, 506, 72 L.Ed. 820, control the situation averred in this declaration. The court there said: "Where the employment, although maritime in character, pertains to local matters, having only an incidental relation to navigation and commerce, the rights, obligations, and liabilities of the parties, as between themselves, may be regulated by local rules which do not work material prejudice to the characteristic features of the general maritime law or interfere with its uniformity." The principles discussed in the following cases are also apposite to this case: United Dredging Co. v. Lindberg (C.C.A.5) 18 F.(2d) 453, certiorari denied 274 U.S. 759, 47 S.Ct. 769, 71 L.Ed. 1337; Sunny Point Packing Co. v. Faigh (C.C. A.) 63 F.(2d) 921; Southern Surety Co. v. Crawford (Tex.Civ.App.) 274 S.W. 280, certiorari denied 270 U.S. 655, 46 S.Ct. 353, 70 L.Ed. 783; Orleans Dredging Co. v. Frazie, 173 Miss. 882, 161 So. 699, certiorari denied 56 S.Ct. 383, 80 L.Ed. ——; Dourrieu v. Board of Commissioners (La. App.) 158 So. 581; City of Oakland v. Ind. Commission, 198 Cal. 273, 244 P. 353; In re Toland's Case, 258 Mass. 470, 155 N.E. 602; In re Herbert's Case, 283 Mass. 348, 186 N.E. 554. Compare Millers' Ind. Underwriters v. Braud, 270 U.S. 59, 62, 46 S. Ct. 194, 70 L.Ed. 470, 471; Grant, etc., Co. v. Rohde, 257 U.S. 469, 470, 42 S.Ct. 157, 66 L.Ed. 321, 25 A.L.R. 1008; Fuentes v. Gulf Coast Dredging Co. (C.C.A.) 54 F. (2d) 69.

Motion granted.