**MASSMAN CONST. CO. v. BASSETT**
**Deputy Com'r, et al.**

District Court, E. D. Missouri, N. D.
Jan. 15, 1940.

Roy W. Crimm, of Kansas City, Mo., and Walter G. Stillwell and Ben Ely, both of Hannibal, Mo., for plaintiff.

Roy Hamlin, of Hannibal, Mo., for defendant Myrtle Boling, individually and as curator for her minor children.

Harry C. Blanton, U. S. Atty., and Russell Vandivort, Asst. U. S. Atty., both of St. Louis, Mo., for defendant Harry W. Bassett, Deputy Commissioner.

DAVIS, District Judge.

This is a suit for an injunction to review and set aside an award of the United States Employees' Compensation Commission, under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. §§ 901 to 950. The authority for this method of review is found in Section 921 of the Act.

The case was heard by the Court upon the transcript of evidence offered before the Commission, supplemented by the oral testimony of witnesses.

The main point urged by plaintiff in its effort to set aside the award of the Federal Commission is that the United States Employees' Commission was lacking in authority to entertain the claim of defendants, because the deceased was not engaged in maritime services at the time of the accident which resulted in his death.

█ The statute has been interpreted as requiring the Court to make an independent examination of the evidence to ascertain (1) whether the relation of master and servant existed, and (2) whether the injury occurred upon navigable waters of the United States. Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598; South Chicago Coal & Dock Co. v. Bassett, 7 Cir., 104 F.2d 522. Such a finding is essential to jurisdiction to make any award under the Act. The first element of jurisdiction is not in dispute in this case; the second requisite is in issue.

Section 903 of the statute provides, in part, that: "Compensation shall be payable under this chapter in respect of disability or death of an employee, but only if the disability or death results from an injury occurring upon the navigable waters of the United States (including any dry dock) and if recovery for the disability or death through workmen's compensation proceedings may not validly be provided by State law. * * *"

Section 902(4) states: "The term 'employer' means an employer any of whose employees are employed in maritime employment, in whole or in part, upon the navigable waters of the United States (including any dry dock.)"

The statute also has provisions to this effect: The liability imposed by the Act shall be exclusive and in place of all other liability of such employer to the employee: section 905. No agreement by an employee to waive his right to compensation under the act shall be valid: section 915(b). No assignment, release, or commutation of compensation or benefits due or payable under the act shall be valid: section 916. In the absence of substantial evidence to the contrary, it shall be assumed that the claim comes within the act: section 920.

The Longshoremen's and Harbor Workers' Compensation Act was designed to provide for maritime workers a remedy similar to that provided by state compensation laws. Crowell v. Benson, supra; DeWald v. Baltimore & Ohio R. Co., 4 Cir., 71 F.2d 810. The remedy provided by the Act is exclusive of any other recourse. Nogueira v. N. Y. & N. H. R. Co., 281 U.S. 128, 50 S.Ct. 303, 74 L.Ed. 754; Moore v. Christensen S. S. Co., 5 Cir., 53 F.2d 299.

The enactment of this statute rendered ineffectual state compensation laws, in so far as they undertake to provide compensation and relief to workmen engaged in maritime employment upon navigable waters. Was the deceased so employed?

The plaintiff employer had the contract to erect a dam across the Mississippi River from shore to shore, and was engaged in that undertaking. The deceased employee at the time of the occurrence was working on that project, and was standing upon the ground in the bottom of the cofferdam in the river.

A maritime contract is a contract which relates to the actual business of navigation. A contract for building a ship or supplying materials for its construction is not a maritime contract for it does not deal with the use of the vessel upon navigable waters. Roach v. Chapman, 22 How. 129, 16 L.Ed. 294; 2 C.J.S., Admiralty, page 98, § 38. Agreements to provide mere facilities for navigation are not maritime. Hence plaintiff's contract to build the dam was a matter of local concern and not within the admiralty jurisdiction.

Maritime service has some direct relation to a vessel employed in trade, commerce, or travel upon navigable waters. The term "vessel" is used in its maritime sense as comprehending any sort of craft capable of being used as a means of transportation on water. The management of the vessel, the loading of the same, the care of its equipment and cargo, the performance of any task essential to enable it to accomplish its purpose upon navigable waters are within the term "maritime employment". The work of the deceased on the land in a cofferdam was not service performed "upon navigable waters", and it was not maritime in its nature because it was the design of the project to provide a nine foot channel as an aid to navigation. The improvement of the channel may aid navigation, so may the building of a ship, but neither is directly a part of any undertaking to carry on trade, commerce, or transportation upon public waters. The Sirius, D.C., 65 F. 226; 38 C.J. 1192.

The application of what has just been stated will be observed if a few of the many cases will be examined.

In Grant Smith-Porter Ship Co. v. Rohde, 257 U.S. 469, 42 S.Ct. 157, 66 L.Ed. 321, 25 A.L.R. 1008, a carpenter employed on a ship nearly completed, launched in navigable waters, was not engaged in maritime employment because his service had no direct relation to commerce or navigation.

In Miller's Indemnity Underwriters v. Broud et al., 270 U.S. 59, 46 S.Ct. 194, 70 L.Ed. 470, a diver engaged in removing submerged timber from a navigable river to aid navigation was not employed in maritime service.

In Sultan Railway & Timber Co. v. Department of Labor, etc., 277 U.S. 135, 48 S.Ct. 505, 72 L.Ed. 820, it was held that workmen engaged in assembling saw logs in booms for towage elsewhere were not

in maritime employment, but in service of local character and concern.

In United States Casualty Co. v. Taylor, 4 Cir., 64 F.2d 521, it was determined that a workman engaged in building of a new ship launched but not completed was not in maritime service and state compensation law applied.

In New Amsterdam Casualty Co. v. Mc-Manigal, 2 Cir., 87 F.2d 332, a workman engaged in constructing a lighthouse twelve miles from shore suffered an injury, and it was held that such employment was not of a maritime but of a local character and that state law should govern the matter of compensation.

In Jeffers v. Foundation Co., 2 Cir., 85 F.2d 24, it was held that a diver employed to help in building a pier of a bridge across the Ohio River injured while standing inside a cofferdam was not entitled to recover under the Longshoremen's Act because he was not upon navigable waters at the time of the accident.

▮ The cases give expression to the doctrine by which the present controversy must be determined. The conclusion to be drawn is (1) that the deceased at the time of his injury was not employed upon navigable waters; (2) that he was not engaged in maritime employment; (3) and that the Compensation Law of Missouri validly furnished a mode of redress.

▮ The plaintiff raises a question as to whether the deceased met his death as a result of the accident, rather than as a result of the disease of scarlet fever. Two compensation Commissions have heretofore given consideration to this question, and found that the death was due to the accident. The plaintiff has entered into a compromise agreement with the claimants, the very basis of which was the fact that the death was so caused. This compromise was set up by plaintiff in its complaint, and without objection evidence of it was offered at the trial. It constitutes an admission by plaintiff of the cause of death. The evidence on this question has been re-examined, and we find that the accident was the cause of death. It matters little that deceased's physical condition may have made it possible for the accident to be fatal. Moreover, this finding of the Commissioner, supported as it is by evidence, is binding on the Court. Employers Liability Assur. Corporation v. Hoage, 67

App.D.C. 245, 91 F.2d 318, and cases cited therein.

Concluding as we do that Harold Reid Boling was not engaged in maritime employment, it follows that the United States Employees' Compensation Commission was without authority to enter the award in question.

Findings of Fact and Conclusions of Law are herewith filed, and judgment accordingly entered.