### ELLIS v. GULF OIL CORPORATION.
### Civ. A. No. A–209.

District Court, D. New Jersey.

Feb. 2, 1943.

Harry Cohn, of Newark, N. J., for libellant.

William T. Ard, of Jersey City, N. J., (John W. Ockford, of Union City, N. J., of counsel), for respondent.

MEANEY, District Judge.

The respondent herein has moved to dismiss the libel filed, on the ground that the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., preclude the institution of the suit.

The libel alleges that the libellant was in the employ of the respondent as a laborer on the 2d day of June, 1942; that on that day the libellant was directed by the respondent to scrape or clean the interior of tanks or compartments on a boat, vessel or barge in the possession or control of respondent, which craft at the time was lying in navigable waters of the United States at South Norwalk, Connecticut, on Long Island Sound. The libel further alleges that while on the said vessel, boat or barge, the libellant suffered serious injuries by reason of the negligence of the respondent.

It is the contention of the respondent that under these facts the libellant comes squarely within the operation of the Longshoremen's and Harbor Workers' Compensation Act, having alleged in its petition for an order to show cause, that it "has secured the payment to its employees of compensation payable thereunder, as required by the Compensation Act", and hence is precluded from instituting the instant suit, by virtue of the exclusive nature of the remedy provided by that Act. South Chicago Co. v. Bassett, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732; Massman Const. Co. v. Bassett, D.C., 30 F.Supp. 813, reversed on other grounds 8 Cir., 120 F.2d 230.

It may be well to pass on the contention of the libellant that this assertion on the part of the respondent in its petition, which was verified, is not sufficient basis for determining that the respondent has complied with the requirement of the statute, 33 U.S.C.A. § 905, in that regard. For the purpose of this motion, the allegation set forth in the verified petition and uncontroverted in the affidavit that the libellant filed at the time of the hearing of the motion, will be deemed sufficient.

The question to be determined, therefore, is whether the libel should be dismissed because the exclusive remedy available for the libellant is a proceeding under the Longshoremen's and Harbor Workers' Compensation Act. If the libellant comes within the provisions of this Act, his remedy would be solely in the nature of a claim for compensation and his right to an action for damages would fail.

772

No general rule has been fashioned sufficiently comprehensive to describe all of the types of employment which shall be deemed to be maritime in nature. Outside of certain generally recognized fields, each individual case must be determined by the particular facts and circumstances surrounding it.

In the instant case, the libellant would seem to have been occupied in work which was in the usual course of his employer's business and, apart from the nature of the particular locale in which he was at that time engaged, he was doing the sort of work as a laborer which usually he performed. Does the fact that, at the time of his alleged injury, he was working on a boat, vessel or barge in navigable waters, place him in the position of one engaged in maritime employment?

It is conceded that the libellant was not a crew member. The contention is made that the libellant does not come within the provisions of the Longshoremen's and Harbor Workers' Compensation Act since the day in question was the only time during the course of his employment by respondent that his work took him aboard a vessel, boat or barge in navigable waters. That, however, does not seem to be the test. According to his affidavit, the libellant was employed as a laborer on a "Ginning Machine" which was drawn around to gasoline stations to be used in cleaning or washing them. Up to the time of the alleged injury, he had been employed only on land. At the time of his alleged injury, he was performing work on a boat or vessel in navigable waters. Under all the circumstances, it would seem that he was engaged in a maritime occupation despite the fact that he was engaged on a craft, as described, and conceivably might never again be so employed.

The nature of the work done by employees which has been ruled to come within the purview of the Longshoremen's and Harbor Workers' Compensation Act is encompassed in a wide range. For instance, in T. J. Moss Tie Company v. Tanner, 5 Cir., 44 F.2d 928, certiorari denied, 283 U.S. 829, 51 S.Ct. 353, 75 L.Ed. 1442, it was found that one employed to stencil identifying marks on cross-ties owned by employer, which ties were on a barge which was alongside a steamer moored to a pier on the Mobile River, was engaged in a maritime occupation. In Parker v. Motor Boat Sales, Inc., 314 U.S. 244, 62 S.Ct. 221, 86 L.Ed. 184, one, Armistead, hired primarily as a janitor and porter, was drowned when a motor boat in which he was riding capsized in a navigable river. He had been instructed to help in placing outboard motors on the boat and help his superior, a fellow employee who later navigated the boat, at the time it capsized. He was held to be engaged in a maritime occupation.

Analogically, if these types of work can be said to have such direct relation to a craft capable of being used as a means of transportation on water as to constitute a maritime employment, it would seem unquestionable that in the instant case the libellant was engaged in such employment within the meaning of the act.

With such a determination in mind, the motion of the respondent is granted and the libel will be dismissed.