In the Matter of the Claim of MARTHA W. ELDREDGE, Respondent, against RALPH WEIDLER et al., Appellants.

WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, July 7, 1948.

*John P. Smith,* attorney (*Albert P. Thill* of counsel), for appellants.

*Nathaniel L. Goldstein, Attorney-General (Roy Wiedersum, Assistant Attorney-General,* of counsel), for Workmen's Compensation Board, respondent.

*Frank J. Wettstein* for claimant-respondent.

*Per Curiam.* This appeal raises only the question of the jurisdictional coverage of the State statute, the Workmen's Compensation Law.

Claimant's decedent was accidentally drowned while enroute in a rowboat to his employer's small pleasure craft, of cabin cruiser type, which was moored in harbor in navigable waters. His mission was to help to render the craft any needed further security which might be due because of a recent and sudden notice of an approaching storm. Decedent was an apprentice carpenter whose employment was on land, his employer being engaged in large scale housing construction a short distance from where the pleasure craft lay at anchor. In the emergency caused by notice of an oncoming hurricane decedent and another carpenter were summoned from their carpentry work and sent upon the fatal mission.

We recognize that the argument for jurisdiction as based upon the nature of decedent's general employment is lessened in force by the rule that the nature of the work performance at the time of injury controls rather than the nature of the general employment. (*Matter of McNamara* v. *McHarg, Barton Co.,* 200 App. Div. 188; *Matter of Schwartz* v. *Kodish & Zwick,* 260 App. Div. 966; *Matter of McCracken* v. *Eastern Gravel Corporation,* 186 App. Div. 932; *Matter of Bell* v. *West Island Corp.,* 231 App. Div. 774; *Matter of Snells* v. *Marine Garage, Inc.,* 246 App. Div. 882; *Parker* v. *Motor Boat Sales, Inc.,* 314 U. S. 244; *Ellis* v. *Gulf Oil Corp.,* 48 F. Supp. 771; *Matter of Domino* v. *Independent Warehouses, Inc.,* 284 N. Y. 481; *Northern Coal & Dock Co.* v. *Strand,* 278 U. S. 142.) It may not be gainsaid but that in precise particular the fatal mission of decedent and its objective was maritime in nature. However, upon the evidence and the findings made and upon the record before us we do not consider that rule to be determinative of the issue of jurisdiction. The State statute in terms covers the accident in question

and proclaims the remedy it affords an exclusive one. (Workmen's Compensation Law, §§ 10, 11, 113.) The question is whether its field of jurisdiction in this case has been fenced off by the Federal Constitution or Federal Statutes. No act or process in the Federal jurisdiction has been taken or has arisen to mark the limit or dispute the jurisdiction which was assumed when the award was made. Thus a presumption of the power thus assumed may be said to rise. (*Davis* v. *Dept. of Labor and Industries*, 317 U. S. 249, 257-258.) The factual situation to which that power was applied so pertained to a purely local matter which was so isolated and transitory in happenstance that in all its relations it is difficult to see where, in any real and true sense, it had any substantial connection with navigation and commerce. In such a case it seems safe to say that the board, in indulging in the unchallenged presumption of a jurisdiction to make the award, had ample room to conclude that the " local rules " did no violence to, did not trespass upon and did not " work material prejudice to the characteristic features of the general maritime law or interfere with its uniformity." (*Sultan Railway & Timber Co.* v. *Dept. of Labor and Industries*, 277 U. S. 135, 137; *Millers' Indemnity Underwriters* v. *Braud*, 270 U. S. 59.)

When we look for any Federal statute as a bar to the questioned jurisdiction it must be noted that, in the concept of maritime service, the nature of the work in which decedent was engaged when he met with fatal accident may be said to have most closely approximated that of a harbor worker. If such a statute be assigned then it does not appear that any Federal law has taken over or occupied the jurisdictional field because there is no evidence as to the tonnage of the small vessel to which decedent was sent to make secure and was enroute, when drowned. The Federal act excepts its coverage as to " any small vessel under eighteen tons net ". (Federal Longshoremen's and Harbor Workers' Compensation Act; U. S. Code, tit. 33, §§ 901, 903.)

It is our opinion that upon the record before us appellant has unsuccessfully challenged the jurisdiction of the State statute.

Decision and award affirmed, with costs to the Workmen's Compensation Board.

HILL, P. J., HEFFERNAN, BREWSTER, RUSSELL and DEYO, JJ., concur.

Decision and award affirmed, with costs to the Workmen's Compensation Board. [See *post*, p. 855.]