**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

v.

**ROBERT TRAFTON, d/b/a ROBERT TRAFTON ENTERPRISES, Defendant**

Civil No. 495-77

Territorial Court of the Virgin Islands

Div. of St. Croix

November 17, 1977

BERTRAM L. CHARLES, ESQ., Assistant Attorney General (Department of Law), Christiansted, St. Croix, *for plaintiff*

WINSTON A. HODGE, ESQ., Christiansted, St. Croix, *for defendant*

SILVERLIGHT, *Judge*

### MEMORANDUM OPINION AND JUDGMENT

This is an action by the Government of the Virgin Islands against an alleged "uninsured employer" seeking to recover certain Workmen's Compensation payments made from the Government Insurance Fund to the parent of a deceased maritime employee, and for statutory penalties.

Defendant moves this Court for an Order dismissing the complaint pursuant to Rule 12 F.R.C.P., alleging that the complaint fails to state a cause of action upon which relief may be granted, and that this Court lacks jurisdiction over the subject matter on the grounds that the Virgin Islands Workmen's Compensation Act (24 V.I.C. § 251, et seq.) is inapplicable to maritime accidents by virtue of the exclusive remedy under federal law offered by the Jones Act (46 U.S.C. § 688).

The Government admits (subject to the exceptions urged, infra) that it is well settled that a territorial compensation act cannot be made applicable to injuries sustained by workmen employed under maritime contracts where the particular employment is of a maritime nature and where the injury occurs on water within admiralty jurisdiction.

Robert W. McIlvaine, a crewman on a charter boat, drowned on July 24, 1975, while accompanying a tourist on a dive in the waters off Buck Island, St. Croix. His mother, Mary Brown, filed a claim pursuant to the Workmen's Compensation Act, Chapter 11 of Title 24, V.I.C., with the Commissioner of Labor, and hearings were duly held on

195

March 12, 1976, and June 14, 1976, to determine what award, if any, should be made. Defendant Robert Trafton, decedent's employer, and owner and operator of a charter boat service between St. Croix and Buck Island, was present with counsel at both hearings.

After hearing the testimony of the parties and examining the evidence submitted, the District Director made the following pertinent findings of fact:

1. That, on July 24, 1975 while accompanying a tourist on a dive off Buck Island, St. Croix, V.I., Robert McIlvaine met with an accident (sic) and died from asphyxia due to drowning and/or air deficiency.

2. That, Robert Trafton Enterprises submitted to Workmen's Compensation on August 25, 1975 an Employer's First Report of Injury which contained information to the effect that Robert McIlvaine was employed as charter boat crew on the date of the accident, earning $20.00 per tour.

3. That, the boat involved at the time of the accident was the "Windancer" owned by Robert Trafton Enterprises.

6. That, Robert McIlvaine made the dive on July 24, 1975 with the full knowledge and consent of his employer, Robert Trafton Enterprises.

11. That, Robert Trafton Enterprises was not covered by workmen's compensation insurance, as by law required.

The District Director's ruling that the decedent's dependent mother was entitled to a compensation award of $10,000.00, and that the defendant, as an "uninsured employer," was required to pay an additional $3,000.00 as penalty, was bottomed on the following "Decision:"

Pursuant to the evidence submitted and the foregoing facts, I find that Robert Trafton Enterprises was the employer at the time of the fatal accident sustained by Robert McIlvaine; that, said fatal accident arose out of and in the course of his employment with Robert Trafton Enterprises and occurred under circumstances which render

the employer liable to pay compensation therefor, as by law provided.[1]

Pursuant to the order of the District Director of Labor, $10,000.00 was paid out of the Government Insurance Fund to decedent's mother and demand was made upon defendant to pay into that Fund the sum of $13,000.00 as reimbursement and penalty (24 V.I.C. § 261). Defendant neither appealed that order nor made any payment to reimburse the Fund, and as a result, the Government filed this suit against defendant seeking monetary recovery and judgment enjoining defendant from conducting his business until that monetary judgment is paid.

In response to defendant's motion, the Government offers three arguments. First, the argument is advanced that since nothing in the Jones Act makes its provisions "inherently applicable" to the Virgin Islands, and the Congress gave the Virgin Islands power to enact legislation pursuant to the Organic Act of 1954, which power the legislature exercised in passing the Workmen's Compensation Act, the Jones Act, therefore, is not the exclusive remedy and the doctrine of pre-emption is inapplicable.

Next, the Government contends that an exception which grew out of judicial construction of the Longshoremen and Harborworker's Compensation Act (33 U.S.C. § 901, et seq.) is applicable to the case at bar, to wit: in cases involving matters of purely local concern, the regulation of which by the state will work no material prejudice to the characteristic features of the general maritime law, nor interfere with the proper harmony or uniformity of the law in its international or interstate relations, a territorial compensation act may be applicable. The Government argues that since the defendant's business and the decedent's employment were purely local in nature, the provi-

---

[1] Dept. of Labor Order # 0416-1917, VOU. # 0303-1977-Heirs of Robert McIlvaine v. Robert Trafton Enterprises and the Government Insurance Fund.

sions of the Virgin Islands Workmen's Compensation Act are applicable.

Finally, Plaintiff contends that, even if that were not so, the Defendant cannot now collaterally attack the jurisdiction of the District Director, having waived his right to complain both by taking part in the compensation hearings and by failing to appeal the ruling of the District Director. As will be demonstrated, infra, the Government's reliance on such reasoning is misplaced.

The threshold question to be decided is whether the decedent was, in fact, a seaman. If he was not, then the Jones Act is not applicable and I need not address the question of federal pre-emption of subject matter jurisdiction.

■■■ The Jones Act applies only to seamen. 46 U.S.C. § 688. While the act fails to offer guidelines by means of which seaman status is conferred, the courts have established three criteria:

(1) there be a vessel in navigation on navigable waters;

(2) there be a more or less permanent connection with the vessel by the injured party, and;

(3) that the worker be aboard primarily to aid in navigation.

Griffith v. Wheeling Pittsburgh Steel Corp., 384 F.Supp. 230 (W.D.Pa. 1974). "To aid in navigation" means assisting in some way in the forwarding of the vessel's enterprise. One who has a more or less permanent connection with the vessel may be a "member of the crew" "whether he is a helmsman, bartender or dredge worker." Early v. American Dredging Co., 101 F.Supp. 393, 395 (E.D.Pa. 1951).

■■ Under the facts of the case sub judice, the deceased met all three criteria to qualify as a seaman. The

198

defendant's boat was navigating on navigable waters; the deceased was a $20.00 per tour crew member whose primary function was to aid in navigation, thus enhancing the vessel's enterprise, i.e., charter cruises to allow tourists the opportunity to view the marine wonders of Buck Island; and his connection to the vessel was more or less permanent. The fact that the decedent was diving at the time of his death is no bar to his retaining seaman status. The law has long recognized divers as seamen.[2]

■ Additionally, the Government seems to concur in the decedent's seaman status. A "member of the crew" is a seaman under judicial interpretations of the Jones Act. Travelers Insurance Co. v. Belair, 412 F.2d 297 (1st Cir. 1969); Griffith v. Wheeling Pittsburgh Steel Corp., supra. Both in its memorandum of law and in its complaint (by incorporation of the District Director's findings of fact), the Government refers to the decedent as a charter boat crew member. Furthermore, it admits that his demise occurred "while in the course of employment."

■ Applying the law to the facts, this Court finds that the decedent was a seaman injured in the course of his employment, which involved maritime activity on a vessel on navigable waters. Thus, the federal Jones Act remedy is clearly applicable. However, the Government contends that the Congress gave the Virgin Islands, pursuant to the Organic Act of 1954, power to pass legislation making the local Workmen's Compensation Act applicable to local maritime employers and employees. I find no statutory or case law that supports such a contention. On the contrary, Congress has pre-empted the power to legislate in all

---

[2] Taylor v. Packer Diving and Salvage Co., 342 F.Supp. 365 (E.D.La. 1971), aff'd., 457 F.2d 512 (5th Cir. 1972); Baker v. Ocean Systems, Inc., 454 F.2d 379 (5th Cir. 1972); Smith v. Brown & Root Marine Operators, Inc., 243 F.Supp. 130 (W.D.La. 1965), aff'd., 376 F.2d 852 (5th Cir. 1967); Howard v. Global Marine, Inc., 105 Cal.Rptr. 50, 28 C.A.3d 809 (1972). Contra, dist'd. on their facts: Miller's Indemnity Underwriters v. Brand, 270 U.S. 59, 46 S.Ct. 194, 70 L.Ed. 470 (1926); Samayoa v. Michel Lecler, Inc., 310 So.2d 162 (La.App. 1975).

matters in respect of admiralty and maritime jurisdiction. See Knickerbocker Ice Co. v. Stewart, 253 U.S. 149, 40 S.Ct. 438, 64 L.Ed. 834 (1920), striking down an attempt by New York to hold its Workmen's Compensation Law applicable to an employee engaged in maritime work, and 2 Am.Jur.2d Admiralty, § 92.

The Supreme Court has specifically held that the Jones Act is paramount, exclusive, and supersedes the operation of all state statutes dealing with the subject. Lindgren v. United States, 281 U.S. 38, 50 S.Ct. 207, 74 L.Ed. 686 (1930); Northern Coal Co. v. Strand, 278 U.S. 142, 147, 49 S.Ct. 88, 90, 73 L.Ed. 232 (1928); Bath v. Sargent Line Corp., 166 F.Supp. 311 (S.D.N.Y. 1958). The Jones Act is an integral part of the maritime law and the rights of seamen must be determined by the federal statute and by admiralty principles. Rankin v. Iron City Sand & Gravel Corp., 52 A.2d 455 (Pa. 1947), citing Garrett v. Moore-McCormack Co., Inc., 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239 (1942).

There is nothing in the Organic Acts of 1936 or 1954, or in any other federal legislation that empowers the local legislature to circumvent such a long-standing rule of law by statutory enactment. Rather, the opposite result is clearly evident, the Congress having made it clear that the federal law was paramount. See 48 U.S.C., Chapter 7, § 1400;[3] The Revised Organic Act of 1954, § 8;[4] and the

---

[3] "§ 1400. Admiralty laws of United States; extension to Islands."

"There is conferred upon the judicial tribunals of the Virgin Islands jurisdiction in admiralty which shall be the same as is exercised by the United States district courts, and the practice and procedure shall be the same as in the United States district courts, and all cases coming within the admiralty jurisdiction of said tribunals shall be determined in accordance with the general admiralty laws of the United States of America. May 20, 1932, c. 194, 47 Stat. 160." 48 U.S.C. Chapter 7, § 1400.

[4] "§ 8. (a) The legislative authority and power of the Virgin Islands shall extend to all rightful subjects of legislation *not inconsistent with this Act or the laws of the United States made applicable to* the Virgin Islands, . . ." (Emphasis added.)

"(c) The laws of the United States applicable to the Virgin Islands on the date of approval of this Act, including laws made applicable to the

Organic Act of 1936, § 4.[5]

Although the legislative history is silent as to its intent, the Legislature of the Virgin Islands seemed to recognize the pre-emptive power of federal legislation over local law when it amended the Workmen's Compensation Act in 1970[6] specifically to exempt from the coverage of the act, "any person for whom a rule of liability for injury or death is provided by the laws of the United States." 24 V.I.C. § 251(c)(4).

No court in the Virgin Islands has found it necessary to decide whether the local Workmen's Compensation Act applies to seamen engaged on a vessel on navigable waters.[7] Opinions of the United States Attorney for the Virgin Islands, however, have reached the conclusions that (1) the local Compensation Act does not cover employees whose work is strictly maritime in character, 2 Op. Atty. Gen. 190, No. 1951–64 (1951), and, (2) the local Workmen's

---

Virgin Islands by or pursuant to the provisions of the Act of June 22, 1936 (49 Stat. 1807), and all local laws and ordinances in force in the Virgin Islands, or any part thereof, on the date of approval of this Act shall, to the extent they are not inconsistent with this Act, continue in force and effect until otherwise provided by the Congress: Provided, That the legislature shall have power, within its jurisdiction and not inconsistent with the other provisions of this Act, to amend, alter, modify, or repeal any local law or ordinance, public or private, civil or criminal, continued in force and effect by this Act, except as herein otherwise provided, and *to enact new laws not inconsistent with any law of the United States* applicable to the Virgin Islands, subject to the power of Congress to annul any such Act of the legislature." (Emphasis added.)

[5] "§ 4. (b) Except as otherwise expressly provided, *all laws* of the United States for the protection and improvement of the navigable waters of the United States shall apply to the Virgin Islands." (Emphasis added.)

"(d) The Legislative Assembly of the Virgin Islands shall have power to enact navigation, boat inspection, and safety laws of local application; but the President shall have power to make applicable to the Virgin Islands such of the navigation, vessel inspection, and coastwise laws of the United States as he may find and declare to be necessary in the public interest, and, *to the extent that the laws so made applicable conflict with any laws of local application enacted by the Legislative Assembly, such laws enacted by the Legislative Assembly shall have no force and effect.*" (Emphasis added.)

See, also, Ex. Ord. No. 9170, May 21, 1942, 7 F.R. 384.

[6] Act No. 2733, adopted June 3, 1970, § 1, Sess.L. 1970, p. 137.

[7] But see Hubschman v. Antilles Airboats, 13 V.I. 366, 440 F.Supp. 828 (D.C.V.I. 1977), where an airboat pilot was held entitled to recover under the Jones Act rather than the Virgin Islands Workmen's Compensation.

201

Compensation Act is not applicable to injuries sustained in the performance of labor on vessels on navigable waters. 2 Op. Atty. Gen. 313, No. 1953–25 (1953).

Much of the Government's mistaken view arises from the fact that it has based its argument on this issue exclusively on the case law of Puerto Rico.[8] These cases are inapposite, however, because the Congress conferred general legislative power over local navigable waters upon the Legislature of Puerto Rico through §§ 7, 8, and 37 of the Second Organic Act of 1917, which were continued in force and form a part of the Puerto Rican Federal Relations Act, 48 U.S.C. § 731, et seq. The unique result is that the Puerto Rican legislature by the grace of Congressional authority, has made its local Workmen's Compensation Law applicable to maritime workers in Puerto Rican waters, thereby rendering inapplicable the Jones Act. Fonseca v. Prann, supra, at 156. The Virgin Islands enjoys no such Congressional authority. Admiralty jurisdiction is exclusively granted to the District Court of the Virgin Islands (48 U.S.C. § 1400, supra); and local legislative power may not be inconsistent with any law of the United States applicable to the Virgin Islands (Revised Organic Act of 1954, § 8; Organic Act of 1936, § 4, supra).

■ The second issue to be decided is whether McIlvaine's death was a matter of purely local concern, such that local law and not general maritime law should prevail. The Government contends that a "maritime but local" exception has arisen in the case of injuries to employees whose work is maritime in nature, but local in concern. In such instances, Plaintiff argues, local compensation statutes

---

[8] Fonseca v. Prann, 282 F.2d 153 (1st Cir. 1960); Musick v. Puerto Rico Telephone Co., 357 F.2d 603 (1st Cir. 1966); Guerrido v. Alcoa Steamship Co., 234 F.2d 349 (1st Cir. 1956); Lastra v. New York & Porto Rico S. S. Co., 2 F.2d 812 (1st Cir. 1924); Mojica v. Puerto Rico Lighterage Co., Inc., 357 F.Supp. 339 (D.C.P.R. 1972); Lopez-Correa v. Marine Navigation Co., 289 F.Supp. 993 (D.C.P.R. 1968).

rather than the federal remedy are applicable. But that exception applies only to workers whose jobs fall into the so-called twilight zone of uncertainty as to whether their employment is so maritime in nature as to fall clearly under admiralty law. Davis v. Department of Labor and Industries, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246 (1942), reh. den. 317 U.S. 713, 63 S.Ct. 438, 87 L.Ed. 246 (1943). Such exception was first applied to carpenters on a partially launched ship[9] and to loggers.[10] It now is applied to longshoremen or harbor workers whose employment, although over navigable waters, may be only incidentally of a maritime nature and, thus, properly of local concern. Essentially, all twilight zone or local concern cases[11] deal with an election between the remedies in a local compensation law and the federal Longshoremen and Harborworker's Compensation Act.

My research (as well as that of my staff) has disclosed no case in which the twilight zone or local concern theory was held applicable to seamen eligible under the Jones Act remedy. In no Supreme Court case has state law been held applicable, wherein the injured person was a seaman performing a seaman's duties on navigable waters. Valley Towing Company v. Allen, 109 So.2d 538, 543 (Miss. 1959). Any exception arising under the Longshoremen and Harborworker's Compensation Act cannot be applied to seamen covered under the Jones Act. They are in a distinct, statutory category.

---

[9] Grant Smith-Porter Ship Co. v. Rohde, 257 U.S. 469, 42 S.Ct. 157, 66 L.Ed. 321 (1922).

[10] Sultan Ry. & Timber Co. v. Department of Labor, etc., 277 U.S. 135, 48 S.Ct. 505, 72 L.Ed. 820 (1928).

[11] Davis v. Department of Labor and Industries, supra; Calbeck v. Travelers Insurance Co., 370 U.S. 114, 82 S.Ct. 1196, 8 L.Ed.2d 368 (1962); Hahn v. Ross Island Sand & Gravel Co., 358 U.S. 272, 79 S.Ct. 266, 3 L.Ed.2d 292 (1959); Jacksonville Shipyards, Inc. v. Perdue, 539 F.2d 533 (5th Cir. 1976); I.T.O. Corp. of Baltimore v. Benefits Rev. Bd., et al., 529 F.2d 1080 (4th Cir. 1975). But see contra: Woods v. Merrill-Stevens Dry Dock & Repair Co., 14 F.Supp. 208 (S.D.Fla. 1936); Maryland Casualty Co. v. Toups, 172 F.2d 542 (5th Cir. 1949); Samayoa v. Michel Lecler, Inc., supra fn. 2.

The Longshoremen's Act specifically excludes from its coverage "a master or member of a crew of any vessel." 33 U.S.C. § 903(a)(1). It is well established that:

(8) Seamen have long been the wards of admiralty and a subject of special care under the maritime law. They are definitely allied with maritime law and their treatment is a matter peculiarly within the rule of uniformity of the maritime law. For those reasons they may be said to be in a different category than harbor workers and longshoremen in respect to determining the extent that the maritime law is paramount. . . . If cases fall within the maritime law there is no escape from the conclusion that the applicability of the law is exclusive. It is not a case of harbor workers, longshoremen and the like, as distinguished from seamen, where there may be a twilight zone as indicated in Davis v. Department of Labor and Industries, supra. . . . Unless it clearly appears to the contrary a seaman should have the benefits of the admiralty law or the Jones Act. Occidental Indemnity Co. v. Industrial Accident Com'n., 149 P.2d 841, 844, 846 (Cal. 1944).

This Court finds that it would be prejudicial to the characteristic features of the maritime law to apply the local Workmen's Compensation statute in the case at bar. I am supported in this conclusion by a similar case in which a seaman employed as a crewman on a vessel chartered to the public for recreational deep sea fishing was drowned. London Guarantee & Accident Co. v. Industrial Acc. Com'n., 279 U.S. 109, 49 S.Ct. 296, 73 L.Ed. 632 (1929).

In that case, on the petition of decedent's mother, the state awarded death benefits under the local workmen's compensation law. The award was appealed on the theory that there was no state subject matter jurisdiction and that the issue was a matter for the exclusive cognizance of a court of admiralty.

The Supreme Court struck down the award by the state board, holding that admiralty had exclusive jurisdiction over a sailor employed on a vessel in navigation on navigable waters of the United States. It was held

immaterial that the seaman lost his life by drowning, as jurisdiction depended only upon the injury being committed upon navigable waters. Remarking on the attempt by California to apply local law, the Court stated:

The conclusion sought to be drawn by counsel for the Commission from the Rohde and other cases is that workmen's compensation acts will apply unless their application would interfere with the uniformity of the general maritime law in interstate and foreign commerce, and there is neither here. But this omits one of the grounds for making an exception—that it shall not be prejudicial to the characteristic features of the maritime law. That is just what it would be here, for here we have a transaction on the navigable waters of the United States which in every respect covers all the characteristic features of maritime law and has no other features but those. To apply to such a case a state Compensation Law would certainly be prejudicial to those features. We must hold therefor that it was a violation of the exclusive maritime jurisdiction conferred by the Constitution to apply in this case the California Compensation Act.

London Guarantee & Accident Co. v. Industrial Acc. Com'n., supra, 279 U.S. at 125, 49 S.Ct. at 300. Also see: Southern Pacific Co. v. Jensen, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086 (1917); Great Lakes Dredge & Dock Co. v. Brown, 47 F.2d 265 (N.D.Ill. 1930).

■ Considering the weight of authority declaring such injuries to be under admiralty jurisdiction, this Court concludes that the Virgin Islands Department of Labor had no subject matter jurisdiction to order workmen's compensation payments, the decedent having been injured while in the course of his employment as a seaman on a vessel in navigation on navigable waters of the United States.

This leaves only the question of collateral attack to be addressed.

■ An administrative determination made without jurisdiction is void. 2 Am.Jur.2d, Administrative Law, §

327. The question arises in the case at bar whether such an award is now open to collateral attack, the defendant having participated in the hearings and having failed timely to appeal from that decision. Although the Government contends that the defendant is now barred from bringing this suit, either by the doctrines of res judicata, waiver, or collateral estoppel, I find no support for that position.

 The law is clear that a void order is not binding and may be challenged in a collateral attack on the ground of lack of jurisdiction over the subject matter. 2 Am.Jur.2d, Administrative Law, §§ 482, 495. There are numerous cases where state workmen's compensation boards have exceeded their statutory power, the resulting awards being held void and subject to collateral attack.[12]

 The law is equally clear that when an administrative agency is without subject matter jurisdiction, its statutory powers cannot be enlarged by express consent or waived by acts of estoppel,[13] and, its void decisions are held not to be res judicata.[14]

 On such a foundation, this Court concludes that the defendant is not now estopped to attack the award. The void award is not res judicata and can be collaterally attacked on the ground that the Department of Labor had no subject matter jurisdiction over seamen. Defendant's motion to dismiss the complaint for failure to state a claim

---

[12] See: Taylor v. Hatzel & Buehler, 258 A.2d 905 (Del. Supr. 1969); Department of Conservation v. Sowders, 244 S.W.2d 464 (Ky.App. 1951); State v. Watland, 201 N.W. 680 (N.D. 1924); London Guarantee & Accident Co. v. Sterling, 124 N.E. 286 (Mass. 1919); Doey v. Clarence P. Howland Co., 120 N.E. 53 (N.Y.App. 1918).

[13] Porter v. Porter, 416 P.2d 564 (Ariz. 1966), cert. den. 386 U.S. 957, 87 S.Ct. 1028, 18 L.Ed.2d 107, reh. den. 386 U.S. 1027, 87 S.Ct. 1371, 18 L.Ed.2d 472 (1967); London Guarantee and Accident Co. v. Sterling, supra; Doey v. Clarence P. Howland Co., supra.

[14] McKee v. County of Ramsey, 245 N.W.2d 460 (Minn. 1976); Taylor v. Hatzel & Buehler, supra.

upon which relief can be granted and for lack of jurisdiction over the subject matter is therefore granted.

## JUDGMENT

For the reasons set forth in the memorandum opinion of even date, the Court being otherwise fully advised in the premises, it is

ORDERED, ADJUDGED AND DECREED that Defendant's motion to dismiss for failure to state a cause of action upon which relief may be granted and for lack of subject matter jurisdiction be and the same hereby is granted; and it is further

ORDERED, ADJUDGED AND DECREED that judgment be entered against the Plaintiff and in favor of Defendant, dismissing the complaint and awarding the Defendant its costs and attorney's fees, the same to be established by entry of a supplemental order upon the filing of a verified Bill of Costs and an affidavit of services meeting the standards enunciated in Estien v. Christian, 11 V.I. 464 (3d Cir. 1975).